THOMAS A. GRANT,[1] Petitioner Below-Appellant,
v.
RHONDA J. GRANT, Respondent Below-Appellee.
No. 604, 2008.
Supreme Court of Delaware.
Submitted: July 31, 2009.
Decided: September 18, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 18th day of September 2009, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Thomas Grant (Father), filed this appeal from a decision issued by the Family Court resolving the parties' cross-petitions to modify custody. The Family Court's decision awarded Father and the appellee, Rhonda Grant (Mother), joint custody of their two children with shared residential placement with time spent equally between the parties on a schedule to be mutually agreed upon between them. The Court further ordered that Mother share her time with her parents and that the parties' children should be enrolled in counseling. After careful consideration of the parties' respective contentions on appeal, we find no abuse of discretion in the Family Court's judgment. Accordingly, we affirm.
(2) The record below reflects that, upon their separation, the parties entered into a consent order with respect to the custody of their two children. The consent order, dated August 12, 2002, provided that the parties' would have joint custody of their then four-year-old son and three-year-old daughter with shared residential placement. Prior to the parties' separation, Mother had stayed at home with the children while Father worked. In September 2003, Father and the children moved in with the maternal grandparents. In April 2004, Father, who had a career in the military, received orders that took him out of Delaware and then overseas for the next three and a half years. During that time, he kept in frequent contact with the children, returning to Delaware when he could and having them visit with him in the summer.
(3) The testimony at the hearing reflected that, while Father lived away, the children resided primarily with their maternal grandparents due to Mother's work schedule. Father would send money each month to the grandparents as support for the children. Although Father appears to dispute it, Mother and the maternal grandmother both testified that Mother was with children when she was not working and also provided money to her parents for the children's support. Father returned to Delaware and retired from his career in the military in December 2007. In February 2008, Mother filed an emergency petition for custody.[2] In March 2008, Father filed a cross-petition for custody. During the hearing, Mother, Father, the maternal grandmother, Mother's sister, and Father's fiancé all testified. The Family Court also interviewed both children, ages eleven and ten, respectively. Both children told the Family Court that they wished to spend time equally with both Mother and Father, as they had been doing, and that they wanted to continue to spend time their maternal grandparents.
(4) At the end of the hearing, the judge announced her decision on the parties' cross-petitions in open court. After going through each of the best interest factors,[3] the Court determined that it was in the children's best interests for the parties to maintain joint custody with shared residential placement. Given the unique involvement of the maternal grandparents, the Court further ordered that Mother share her time with the children with her parents. The trial court also ordered that the children receive counseling.
(5) In his opening brief on appeal, Father contends that the Family Court erred by failing to consider the following alleged facts: (i) Mother has not been the primary caregiver to the children; (ii) Father took care of the children before, during and after his time in the military; (iii) the children do not have their own rooms at Mother's house; and (iv) Mother has to have roommates at her house in order to pay her rent. Father also argues that the Family Court erred in failing to order counseling for both the parents and grandparents, as well as for the children.
(6) This Court's standard and scope of review of an appeal from the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the trial judge.[4] We will not disturb findings of fact unless they are clearly wrong, and we will affirm the inferences and deductions of the trial court if they are supported by the record and are the product of an orderly and logical deductive process.[5]
(7) Upon review of the record in this case, we find no error in the Family Court's application of the best interests of the children standard. We are satisfied that the findings made by the Family Court are sufficiently supported by the record, and are the product of a logical and orderly deductive process. Consequently, we find that the judgment of the Family Court should be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] In October 2008, at the start of the hearing on the parties' cross-petitions for custody, Mother indicated that she wished to withdraw her petition for full custody. She stated that, in the intervening months since she had filed her petition, the shared custody arrangement had improved and that she wished to retain join custody with shared residential placement.
[3] In determining the best interest of the children in custody matters, 13 Del. C. § 722(a) directs the Family Court to consider all relevant factors, including: (i) the wishes of the parents; (ii) the wishes of the children; (iii) the interaction of the children with the parents, grandparents and others living in the household; (iv) the children's adjustment to their home, school, and community; (v) the mental and physical health of all involved persons; (vi) past and present compliance of the parents with their responsibilities under 13 Del. C. § 701; and (vii) any evidence of domestic violence.
[4] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[5] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).