EVERETT L. PALMER, III,[1] Petitioner Below-Appellant,
v.
HOLLY R. GOODMAN, Respondent Below-Appellee.
No. 568, 2009.
Supreme Court of Delaware.
Submitted: November 18, 2009.
Decided: January 15, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 15th day of January 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The petitioner-appellant, Everett L. Palmer, III ("Father"), filed an appeal from the Family Court's October 6, 2009 order, which accepted the Family Court Commissioner's June 16, 2009 order granting the petition of the respondent-appellee, Holly R. Goodman ("Mother"), for an order of protection from abuse ("PFA order").[2] Mother has moved to affirm the Family Court's order on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[3] We agree and affirm.
(2) The record reflects that a hearing was held before the Family Court Commissioner on June 16, 2009, on Mother's second petition for a PFA order on behalf of herself and four minor children.[4] One of the children was Donna, the biological child of Father and his previous wife, who was deceased. The other three children were the two biological children of Mother and Father and the biological child of Mother and her former husband. At the time of the hearing, Father was incarcerated and he and Mother were divorced. After being incarcerated but prior to the divorce, Father had consented to the Family Court's appointment of Mother as guardian for Donna.
(3) The transcript of the hearing before the Commissioner reflects the following. Father and Mother, who was represented by counsel, both testified. Mother testified that Father had written to two friends named Chris Brown and Charles Fox and asked them to deliver messages from him to her and the children, thereby violating the no-contact provision of the Family Court's previous PFA order. Copies of those notes were admitted into evidence. Father testified that he did not become aware of the PFA order until June 13, 2008, while he was incarcerated, and had written the notes prior to that. However, as Mother's attorney pointed out, while the note to Chris Brown was postmarked June 9, 2008, the note to Charles Fox was postmarked April 30, 2009, well after Father admitted being aware of the existence of the PFA order.
(4) Based upon Father's own testimony that he had attempted to contact Mother and the children after becoming aware of the PFA order, the Commissioner granted Mother's petition for the entry of a second PFA order.[5] Following a de novo review of the record, and in the absence of any error or abuse of discretion on the part of the Commissioner, the Family Court accepted, in whole, the PFA order issued by the Commissioner.
(5) In this appeal, Father asks this Court to reverse the Family Court's October 6, 2009 order as erroneous and an abuse of discretion and "direct the Family Court to hear the petitions which it dismissed as a result of this decision, and allow the filing of any new petitions . . . [it] deems necessary to ensure the future placement of [Donna] with her paternal grandparents."
(6) The Family Court's standard of review in an appeal from the Commissioner's entry of a PFA order is de novo, requiring an independent review of the record in order to determine whether the Commissioner's order should be accepted, rejected or modified, in whole or in part.[6] This Court's standard of review in an appeal from an order of the Family Court extends to a review of the facts and the law as well as to the inferences and deductions made by the judge.[7] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[8] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[9] Errors of law are reviewed de novo.[10]
(7) We have carefully reviewed the parties' submissions, as well as the transcript of the Commissioner's hearing, the Commissioner's order and the order of the Family Court. We find no error or abuse of discretion on the part of the Family Court in accepting the Commissioner's PFA order, which was based on Father's own testimony admitting a violation of the Family Court's previous PFA order. We, therefore, conclude that the Family Court's October 6, 2009 order must be affirmed.
(8) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] This Court sua sponte assigned pseudonyms to the parties by Order dated October 2, 2009. Supr. Ct. R. 7(d).
[2] Although Father's notice of appeal states that he is appealing from an order of the Family Court dated August 31, 2009, the arguments in Father's opening brief clearly refer solely to the Family Court's October 6, 2009 order. We, therefore, limit our analysis in this appeal to that latter order.
[3] Supr. Ct. R. 25(a).
[4] The Family Court granted Stepmother's first PFA petition on May 27, 2008. Del. Code Ann. tit. 10, § 1041 et seq.
[5] The Commissioner pointed out that the PFA order would remain in effect until the hearing before the Family Court on Father's pending petition for visitation.
[6] Del. Code Ann. tit. 10, § 915(d)(1).
[7] Wife (J.F.V.) v. Husband(O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[8] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[9] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[10] In re Heller, 669 A.2d 25, 29 (Del. 1995).