LAUREN MILLS,[1] Petitioner Below-Appellant,
v.
PETER A. DAVIS, Respondent Below-Appellee.
No. 325, 2009.
Supreme Court of Delaware.
Submitted: December 4, 2009.
Decided: February 16, 2010.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 16th day of February 2010, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The parties are the parents of one minor child, a daughter. Mother filed this appeal from the Family Court's order denying her petition to modify custody. After careful review, we find no error or abuse of discretion in the Family Court's decision. Accordingly, the judgment below shall be affirmed.
(2) The record reflects that, on September 1, 2005, the parties entered into a permanent consent order for custody and visitation, which granted Father sole custody of the parties' daughter and gave Mother specific visitation. Thereafter, Mother filed a petition to modify custody, requesting that the parties be granted joint custody of their daughter with primary residential placement to Mother. The Family Court held two hearings, on February 28, 2008 and January 15, 2009, at which both parties were represented by counsel.
(3) The Family Court heard testimony from Mother, Father, and Dr. Ted Wilson, who performed a portion of the custody evaluation to which the parties had agreed in the consent order.[2] Mother testified regarding Father's failure to communicate with her and keep her adequately apprised of issues and appointments involving their daughter. Mother also testified regarding Father's failure to abide by the visitation agreement in various ways, including only allowing Mother four weeks of summer visitation instead of the five weeks provided for in the consent order. Dr. Wilson testified regarding tests and interviews that he had conducted. Dr. Wilson ultimately opined that daughter's placement with Father was appropriate and should not be changed.
(4) In its final order denying Mother's petition to modify custody, the Family Court addressed each of the best interest factors[3] and determined that there was no basis to modify custody. The Family Court concluded that it was in the child's best interests for Father to maintain custody with visitation to Mother.
(5) This Court's standard and scope of review of an appeal from the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the trial judge.[4] We will not disturb findings of fact unless they are clearly wrong, and we will affirm the inferences and deductions of the trial court if they are supported by the record and are the product of an orderly and logical deductive process.[5]
(6) In her opening brief on appeal, Mother enumerates eight "errors of fact" in the Family Court's decision. Mother's assertions of factual error, however, are either incorrect[6] or simply are not relevant. In reviewing the record, it is clear that the Family Court considered all of the evidence presented in the case and applied the best interests of the child standard to the facts. We are satisfied that the findings made by the Family Court are sufficiently supported by the record, and are the product of a logical and orderly deductive process. Consequently, we find that the judgment of the Family Court should be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Dr. Wilson testified that he was unable to interview Mother for the custody evaluation. Mother testified that she did not meet with Dr. Wilson because she could not afford his fee, which was not covered by Father's insurance.
[3] In determining the best interest of the children in custody matters, 13 Del. C. § 722(a) directs the Family Court to consider all relevant factors, including: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interaction of the child with the parents, grandparents and others living in the household; (iv) the child's adjustment to their home, school, and community; (v) the mental and physical health of all involved persons; (vi) past and present compliance of the parents with their responsibilities under 13 Del. C. § 701; and (vii) any evidence of domestic violence.
[4] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[5] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[6] For example, Mother's alleged "Error of Fact 2" and "Error of Fact 8" both challenge the Family Court's statement that it did not interview the parties' daughter. Mother's support for her allegation of error is a statement in the transcript made by counsel indicating that, "I think Your Honor interviewed the child." It is clear, however, that counsel's statement was incorrect. In fact, Dr. Wilson had conducted the only interview of the child.