LAWRENCE GARVEY,[1] Petitioner Below-Appellant,
v.
BRENDA GARVEY, Respondent Below-Appellee.
No. 263, 2008.
Supreme Court of Delaware.
Submitted: October 17, 2008.
Decided: December 12, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 12th day of December 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Lawrence Garvey (the "Husband"), filed an appeal from the Family Court's April 24, 2008 order granting the petition of the respondent-appellee, Brenda Garvey (the "Wife"), for temporary and permanent alimony. We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that the parties were divorced on July 19, 2007. On April 24, 2008, there was an ancillary hearing in the Family Court on the Wife's petition for temporary and permanent alimony. The record reflects that the Wife and the Husband's counsel appeared at the hearing, but the Husband did not. The Wife represented herself at the hearing. The record reflects that the hearing proceeded in the Husband's absence and that, based upon the evidence presented, the Family Court awarded the Wife alimony in the amount of $150 per week, beginning on May 5, 2008, until further order of the Family Court.[2]
(3) In this appeal, the Husband claims that the Family Court's April 24, 2008 order was based upon misinformation concerning his employment. He further claims that the Wife is not entitled to alimony because she has sufficient education and resources to support herself.
(4) An award of alimony by the Family Court is governed by Del. Code Ann. tit. 13, § 1512. Under § 1512(b), a party may be awarded alimony only if he or she is found to be dependent upon the other party after consideration of all relevant factors contained in § 1512(c) in that he or she a) is dependent upon the other party for support; b) lacks sufficient property to provide for his or her reasonable needs; and c) is unable to support him or herself through appropriate employment.
(5) Under § 1512(c), an award of alimony must be in such amount and for such time as the Family Court deems just, after consideration of all relevant factors, including a) the financial resources of the party seeking alimony; b) the time and expense necessary for the party seeking alimony to find appropriate employment; c) the standard of living established during the marriage; d) the duration of the marriage; e) the physical and emotional condition of the parties; f) the contribution made by either party to the education and earning capacity of the other party; g) the ability of the other party to meet his or her needs while paying alimony; h) the tax consequences of alimony; and i) whether either party has foregone or postponed opportunities for education or employment during the marriage.
(6) This Court's review of appeals from the Family Court extends to a review of the facts and the law as well as a review of the inferences and deductions made by the judge.[3] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[4] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[5] Errors of law are reviewed de novo.[6]
(7) The Husband did not appear at the Family Court hearing on April 24, 2008. He does not claim in this appeal that he was not properly notified of the hearing or that the Family Court's decision to proceed with the hearing in his absence was erroneous or an abuse of discretion. Nor do we find any such evidence in the record. The Husband has not included a transcript of the April 24, 2008 Family Court hearing and, as such, has failed to provide this Court with an adequate basis for evaluating the merits of any claim of error.[7] The Husband's arguments on appeal are essentially the arguments he should have presented, but did not present, to the Family Court in the first instance, due to his failure to appear at the ancillary hearing.[8] In the absence of an adequate basis for appellate review, we conclude that the judgment of the Family Court must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated May 28, 2008. Supr. Ct. R. 7(d).
[2] The Family Court also granted the Husband's counsel's motion to withdraw.
[3] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[4] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[5] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[6] In re Heller, 669 A.2d 25, 29 (Del. 1995).
[7] Supr. Ct. R. 9(e) (ii); Supr. Ct. R. 14(e); Tricoche v. State, 525 A.2d 151, 154 (Del. 1987) (The burden is on the appellant to produce "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred.").
[8] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").