IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LAUREN GREENE-FRANKLIN,[1] | § |
| | § No. 300, 2014 |
| Respondent Below- | § |
| Appellant, | § |
| | § Court Below—Family Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| KEVIN FRANKLIN, | § File No. CN13-03655 |
| | § Petition No. 13-26723 |
| Petitioner Below- | § |
| Appellee. | § |

Submitted: October 10, 2014
Decided: November 21, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 21st day of November 2014, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Appellant, Lauren Greene-Franklin ("Wife"), filed this appeal from a Family Court decision, dated June 2, 2014, denying her ancillary request for alimony.  We find no abuse of the Family Court's discretion in this matter.  Accordingly, we affirm the judgment on appeal.

(2)     The record reflects that the parties were married on July 19, 2008 and divorced on December 20, 2013.   The parties filed their Rule 16(c) financial report on February 20, 2014.  Wife filed a motion to amend

---

[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

the report, which the Family Court granted. Wife filed her amended report on March 19, 2014. The Family Court held an ancillary hearing on Wife's request for alimony on May 30, 2014. Both parties appeared for the hearing.[2] Husband was represented by counsel at the hearing. Wife was not. Based on the information provided by the parties in their Financial Report, the Court concluded that Wife's attributed monthly income[3] exceeded her monthly expenses by $33 and that Wife thus was not dependent upon Husband for support.

(3) In her opening brief on appeal, Wife contends that the Family Court erred in attributing her with an annual income of $34,000 when she was unemployed at the time of the hearing and was only receiving monthly unemployment compensation of $1320. Wife also contends that she was misled by Husband's counsel during the "negotiation stages" and that the Family Court should have been more lenient with her because she was not represented by counsel.

(4) On appeal from a Family Court decision regarding alimony, this Court reviews both the law and the facts, as well as the inferences and

---

[2] Wife did not order preparation of the transcript of the ancillary hearing.

[3] Wife was unemployed at the time of the hearing, but the Family Court noted in its decision that Wife agreed to be attributed with an income of $34,000 annually.

deductions made by the trial judge.[4] We review conclusions of law *de novo*.[5] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[6] The Family Court's factual findings will not be disturbed on appeal unless those findings are clearly wrong and justice requires their overturn.[7] When the determination of facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[8]

(5)    In this case, the Family Court considered all of the evidence presented by the parties and determined that Wife had surplus monthly income and thus was not dependent on Husband for support under 13 *Del. C.* § 1512(b). To the extent Wife argues that the Family Court erred in attributing her with an annual salary of $34,000 even though she was unemployed at the time of the hearing, we find no merit to that claim because the Family Court's attribution of income to a party who is unemployed or underemployed is permissible.[9] Moreover, the Family Court's decision reflects that Wife agreed that $34,000 annually was

---

[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[5] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).

[6] *Jones v. Lang*, 591 A.2d 185, 186-87 (Del. 1991).

[7] *Forrester v. Forrester*, 953 A.2d at 179.

[8] *Wife (J.F.V) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.

[9] *Sentner v. Senter*, 799 A.2d 1154, 1159 (Del. 2002).

3

appropriate. In the absence of any transcript of the ancillary hearing, which Wife had the burden to supply,[10] we accept the Family Court's statement that Wife agreed to this attribution. Wife's remaining claims—that she was misled by Husband's attorney and that the Family Court should have been more lenient with her—are vague and conclusory and this Court is without any adequate basis to review Wife's suggestion of error.[11] Accordingly, the judgment below must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[10] *See Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[11] *Garvey v. Garvey*, 2008 WL 5195352 (Del. Dec. 12, 2008).