IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KENNETH EVANS,[1] | § |
| | § No. 7, 2015 |
| Petitioner Below- | § |
| Appellant, | § |
| | § Court Below—Family Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| DIANA EVANS, | § File No. CN13-06350 |
| | § Petition No. 14-09999 |
| Respondent Below- | § |
| Appellee. | § |

Submitted:  July 24, 2015
Decided:     September 22, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 22nd day of September 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Kenneth Evans ("the Husband"), filed this appeal from a Family Court decision dated December 10, 2014, dividing the parties' assets and debts ancillary to their divorce and granting Diana Evans' ("the Wife") petition for alimony.  The Husband only challenges the Family Court's award of alimony in this case.  After careful consideration, we find

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

no basis to overturn the Family Court's judgment in this matter. Accordingly, we affirm.

(2) The record reflects that the parties were married on October 30, 1995, separated on December 26, 2013, and divorced on July 8, 2014. They have two adult children in college. Both children live with the Wife. The Family Court held a hearing on the ancillary matters on December 5, 2014. Both parties were represented by counsel at the hearing (although neither is represented by counsel on appeal). The Husband withdrew his request for preparation of the transcript of that hearing. Thus, this Court is unable to review the testimony presented to the Family Court. At the conclusion of the hearing, the Family Court, among other things, granted the Wife's petition for alimony and ordered the Husband to pay the Wife $1350 per month (payable in two monthly installments) for a period of nine years and four months, which was half the length of their marriage. Husband appeals that award.

(3) In his opening brief on appeal, the Husband asserts that the Family Court did not take all of the facts into consideration when deciding the Wife's request for alimony. Specifically, the Husband contends that the Family Court failed to consider that the Wife, who is employed by the State of Delaware, voluntarily allowed her real estate license to expire. The

2

Husband contends that the Wife could earn extra income as a real estate agent and as an income tax preparer. The Husband also contends that the Wife is taking college courses and has the ability to earn more income than her current salary of $34,000 per year because she is furthering her education. The Husband also contends that the Family Court erred in not attributing income to his grown children, who live with the Wife and work part-time while attending college, and requiring them to cover some of the cost of their living expenses. Finally, the Husband contends that the Family Court erred in attributing him with a salary of $62,253, which includes overtime that he is not guaranteed to receive. The Husband asserts that the Family Court should have attributed him with his base yearly salary of $44,616.

(4) On appeal from a Family Court decision regarding alimony, this Court reviews both the law and the facts, as well as the inferences and deductions made by the trial judge.[2] We review conclusions of law *de novo*.[3] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[4] The Family Court's factual findings will not be disturbed on appeal unless those findings are clearly wrong and justice

---

[2] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[3] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).
[4] *Jones v. Lang*, 591 A.2d 185, 186-87 (Del. 1991).

3

requires their overturn.[5] When the determination of facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[6]

(5) The written decision in this case reflects that the Family Court reviewed all of the factors to determine an alimony award under 13 Del. C. § 1512(c) and included substantial citation to evidence in the record that had a bearing on the relevant factors. The Family Court's attribution of annual income to each party was based upon documentation supplied by each party in their respective financial reports and is supported by the record before us.

(6) To the extent the Husband contends that the Family Court failed to consider evidence of the Wife's ability to earn extra income as a real estate agent or income tax preparer or her capacity for increased future earnings because she is taking college classes, we find his contention unsupported. The Husband failed to provide this Court with a transcript of the ancillary hearing. Thus, the Court has no adequate basis for evaluating the merits of this claim.[7] Similarly, this Court has no adequate basis to review the Husband's challenge to the Family Court's conclusion that it was

[5] *Forrester v. Forrester*, 953 A.2d at 179.
[6] *Wife (J.F.V) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.
[7] *See* Del. Supr. Ct. R. 14(e) (2015) (requiring that "the appellant's appendix shall contain such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion."); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

not fair to require the parties' college-age children to contribute to their room and board because they were paying for their own car insurance, cell phones, and college loan payments. Under the circumstances, we find no basis to disturb the Family Court's judgment in this case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice