WIFE (J. F. V.), Respondent
Below, Appellant,

v.

HUSBAND (O. W. V., JR.), Petitioner
Below, Appellee.

Supreme Court of Delaware.

Submitted April 12, 1979.
Decided May 18, 1979.

John T. Gallagher, of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent below, appellant.

Ralph F. Keil, Wilmington, for petitioner below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

Respondent wife appeals from the decision of the Family Court holding that petitioner husband had satisfied the statutory jurisdictional requirements of 13 *Del.C.* § 1504 for divorce.[1] It is respondent's contention that the Trial Judge erred by basing the test of domicile on a "laundry list" approach rather than on a "deep roots" domiciliary approach required in this State by *New York Trust Co. v. Riley,* Del.Supr., 24 Del.Ch. 354, 16 A.2d 772 (1940) and its progeny.[2]

## I

The petitioner moved to Delaware from Reading, Pennsylvania into an apartment in northern New Castle County on a year to year lease basis. He registered to vote in Delaware, filed Delaware tax returns, opened Delaware bank accounts, joined local singing groups and a local church, registered his car and obtained a Delaware driver's license, joined the Dover Air Force Officers Club, and did the other obvious incidental things that one must do when becoming a resident in a new locality.

On the other hand, he did not give up his eleven year tenured teaching position in Reading, nor his interest in the home in Reading, left to him, his wife and sister by

1. 13 *Del.C.* § 1504(a) provides:

"The Family Court of the State has jurisdiction over all actions for divorce and annulment of marriage where either petitioner or respondent, at the time the action was commenced, actually resided in this State, or was stationed in this State as a member of the armed services of the United States, continuously for 6 or more months immediately preceding the commencement of the action."

2. 13 *Del.C.* § 1503(9) provides:

" 'Actually resided' means was domiciled."

his parents. He continued to attend a course given at Temple University, shopped occasionally at the Naval Commissary in Philadelphia, visited his children in Reading on Sundays, and although he denies saying so, is said, by witnesses testifying before the Trial Judge, to have announced his intention to return to live in Reading as soon as he obtains a Delaware divorce.

By written opinion the Trial Judge detailed all these facts and circumstances as they appear in the record. The Trial Judge further drew his own inferences and conclusions from the recited facts explaining with specificity why he drew the inferences, why he accepted petitioner's statement of an intention to permanently live in Delaware, and why he was satisfied that petitioner met the domiciliary statutory jurisdictional requirements as mandated in *Fritz v. Fritz,* Del.Supr., 187 A.2d 348 (1962), a progeny of *Riley.*

## II

Following this Court's decision in *Wife W. v. Husband W.,* Del.Supr., 376 A.2d 87 (1977) it appears that some Judges of the Family Court have interpreted that case, in spite of our reference to *Fritz v. Fritz,* Supr.Ct., 187 A.2d 348 (1962), as approving the so-called "laundry list" residency approach, coupled with an expression of intent to make Delaware home on the part of the petitioner, as being sufficient to establish domicile and divorce jurisdiction. Others interpret the case as requiring a "deep roots" test, and we agree.

In an effort to establish more positive guidelines we cite *New York Trust Co. v. Riley,* Del.Supr., 16 A.2d 772 (1940) in which it was said:

Cf., *Gahn v. Gahn,* Del.Super., 10 Terry 368, 116 A.2d 902 (1955); *Taormina v. Taormina,* 32 Del.Ch. 18, 78 A.2d 473 (1951); *Fritz v. Fritz,* Del.Supr., 187 A.2d 348 (1962); *Ainscow v. Alexander,* Del.Orph., 28 Del.Ch. 545, 39 A.2d 54 (1944); *Mayer v. Mayer,* Del.Supr., 32 Del.Ch. 457, 132 A.2d 617 (1957); *Mitchell v. Delaware Tax Com'r,* Del. Super., 3 Terry 589, 42 A.2d 19 (1945); *Wife W. v. Husband W.,* Del.Supr., 376 A.2d 87 (1977), citing *Fritz,* supra, for these same general principles.

"A domicile once established remains the legal domicile until a new one is acquired. The essentials of domicile of choice are the fact of physical presence at a dwelling place and the intention to make that place home. There must be a concurrence of fact and intent. The absence of either precludes the change. *State v. Frest,* [Del.,] 4 Har. 558. There must be an actual abandonment of the first domicile coupled with an intention not to return to it, and the acquisition of a new domicile by actual residence in another place with the intention of making that place a permanent home. Whether one has changed his domicile from one place to another must depend largely on his intention. The intention must be of permanent or indefinite living at a given place, not for mere temporary or special purposes, but with a present intention of making that place home unless or until something uncertain or unexpected shall induce the adoption of some other permanent home; or, negatively expressed, there must be an absence of any present intention of not residing at the place permanently or for an indefinite time. It follows that absence from one's place of residence, even for a long time on business, pleasure, reasons of health, education of children, or other special purpose, will not effect a change of domicile if, all the while, the person intends to be absent only for the accomplishment of the temporary purpose and to return to his former place of residence upon the fulfillment of the purpose. The intention to return must, of course, be fixed, certain and constant. A loose, indefinite, or as it is called, a floating intention to return will not avail to prevent a change of domicile. Declarations of intention or purpose are, of course, admissible, but they must give way to definite and unequivocal acts and conduct."

On appeal from the Family Court our scope of review extends to a review of the facts and law as well as to a review of the inferences and deductions made by the Trial Judge. In exercising our power of review, we have the duty to review the sufficiency of the evidence and to test the propriety of the findings. Since the Trial Judge heard and observed the witnesses we will not disturb the Trial Judge's findings of fact, and make contradictory findings, unless they are clearly wrong and justice requires their overturn. When the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before him, those findings of the Trial Judge will be approved upon review, and we will not substitute our opinion for that of the trier of fact. Moreover, in our review of the inferences and deductions made by the Trial Judge, we will draw our own inferences and deductions only if we find they are not supported by the record and are not the product of an orderly and logical deductive process, in the exercise of judicial restraint, even though independently we might have reached different conclusions. *Levitt v. Bouvier,* Del.Supr. 287 A.2d 671, 673 (1972); *Nelson v. Murray,* Del.Supr., 211 A.2d 842, 844 (1965); *Lank v. Steiner,* Del.Supr., 43 Del.Ch. 262, 224 A.2d 242 (1966). But if we are not satisfied with the explanations and reasons for the findings of the Trial Judge we would be constrained to draw our own inferences and deductions without necessarily disturbing the findings below. Residence plus an expression of intent to make Delaware home is insufficient to establish domicile without clear and unequivocal proof of permanency as expressed in *Riley.* Unless the totality of circumstances clearly establishes factors showing an integration into the chosen locale of residency, making it advantageous to remain and disadvantageous to leave, there can be no "domicile" for purposes of a divorce, unless the party falls within the ambit of 13 *Del.C.* § 1701.[3]

---

**3.** 13 *Del.C.* § 1701 provides:

"Any person of the age of 21 years, being a citizen of this or any other state of the United States, and who has lived for 2 successive years in this State, and, for the purpose of determining domicile in any county of the State, has lived for 1 year in such county, and who has, during that time, maintained himself and his family, shall be held to have acquired a legal domicile therein."

### III

In the instant case we are satisfied that the findings made by the Trial Judge for the reasons stated in the Trial Judge's opinion, are sufficiently supported by the record and, are the product of an orderly, logical deductive process, in the exercise of judicial restraint and discretion. Therefore we accept them, even though independently we might have reached the opposite result.

AFFIRMED.