**Mark E. MARIANO, Respondent Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 13, 1986.
Decided: March 25, 1986.

William L. George, Dept. of Justice, Family Court, Wilmington, for appellee.

Raymond J. Hancock, Office of the Public Defender, Family Court, Wilmington, for appellant.

GEBELEIN, Judge.

This appeal by Mark E. Mariano is from a decision of the Family Court, imposing sentence upon the defendant pursuant to 10 *Del.C.* § 937(c) to serve in a custodial institution ten (10) consecutive mandatory terms of six (6) months each. The sentence provides that custody may not extend beyond the defendant's 18th birthday pursuant to 31 *Del.C.* § 5108(b).

The factual bases of the case are: In November of 1984, Mariano was sentenced to a suspended commitment for an adjudication of delinquency for Robbery Second Degree. Nine months later, Mariano entered a plea to ten charges of Burglary Second Degree which occurred at various times subsequent to the entry of a plea in the Robbery charge. On October 30, 1985, Family Court sentenced Mariano to the penalty at issue. In imposing this sentence Family Court held that the case of *Henry Artis v. State of Delaware,* Del.Super., C.A. No. N83–01–008FC, Stiftel, P.J. (Dec. 15, 1983) *, was on "all fours" with the instant proceeding and thus controlling in this case.

Mariano contends on appeal that 10 *Del.C.* § 937(c) does not mandate consecutive mandatory sentences for separate felonies. Appellant argues that the Court was obliged to impose only one minimum mandatory commitment of six months. The appellant forwards two specific theories in support of this claim.

The appellant's first theory is that Family Court erred in imposing multiple mandatory sentences since this is contrary to the plain wording of the sentencing statute. Appellant argues that 10 *Del.C.* § 937(c)(1) uses the plural form, "commit one or more offenses occurring subsequent to the said adjudication," as well as, "which offense or offenses would constitute a felony ...". Appellant contends that since he was adjudicated of multiple offenses under circumstances fitting the wording of the statute, he should only have been committed to confinement "for at least a six-month period of institutional confinement." Appellant supports his interpretation by arguing that the principles of statutory construction require in the absence of express legislative intent that the words of the statute be given their common meaning. Sutherland, 2A *Statutory Construction* § 47.28 (1984). Appellant states that courts are cautioned to be slow in imparting to words in a statute any definition other than the commonly understood meaning of those words. 73 Am.Jur.2d *Statutes* § 325 (1953).

The appellant's second theory is that the lower court's dependence on *Artis* was misplaced since the legislature never expressed an intent to retain the previous practice of imposing consecutive sentences. In part, Judge Stiftel's order in *Artis* reads:

> The 'whereas' clauses of 62 Delaware Law, Chapter 331, clearly indicate the legislative intent in amending 10 *Del.C.* § 937(c) was not to eliminate consecutive sentences....

The appellant argues that the "whereas clauses" of 62 *Delaware Laws,* Chapter 331 do not clearly indicate a legislative intent "not to eliminate consecutive sentences." Rather, according to appellant, the legislature merely called attention to the triggering provisions of the new law in the "whereas clause."

The State has moved pursuant to Rule 72.1 to affirm the Family Court decision "since it is manifest on the face of the opening brief that the issues on appeal are controlled by well-settled Delaware law and the appeal is therefore without merit."

---

* *Artis* was a case involving a sentence imposed upon a juvenile after a prior adjudication of delinquency for conduct which would have constituted a felony, and the defendant had been adjudicated delinquent for four instances of conduct which would constitute felonies, two of which were escape charges subsequent to the first adjudication. The Court in *Artis* upheld the imposition of four consecutive minimum mandatory sentences.

The state relies on the decision of this Court in the case of *Artis*, and argues that Family Court's reliance on Judge Stiftel's decision in that case was proper.

■ An appeal from a decision of the Family Court is based on the record. *Husband B. v. Wife H.*, Del.Super., 451 A.2d 1165 (1982); Superior Court Civil Rule 72. Thus, the scope of this review extends to an examination of the law applied below. *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, Del.Supr., 402 A.2d 1202 (1979).

■ The issue presented by this case is whether consecutive terms are mandated by law. The Court below ruled that consecutive sentences are "required by the mandatory sentencing law," and based this decision on this Court's order in *Artis*.

The opinion in *Artis* states that "legislative intent in amending 10 *Del.C.* § 937(c) was not to eliminate consecutive sentences." This can be interpreted to mean that consecutive sentences are allowed, but not necessarily mandated. The order continues:

> The fact that 10 *Del.C.* § 937(c) has a separate subsection for mandatory six month minimum sentence for escape and another separate subsection for all other felonies, indicates the legislature's intent that sentences under *both* sections be served consecutively. (Emphasis added.)

Thus, the decision of the Court in *Artis*, according to appellant, would only apply to cases where a defendant is being sentenced for escape and another felony. It must be noted, however, that while no mention is made in the order of any requirement for consecutive sentences within the escape category alone or the general felony category alone; that was the situation in *Artis*. Two non-escape felony type charges and two escape charges resulted in four mandatory terms of incarceration to be served consecutively. Thus *Artis* clearly affirmed the Family Court's sentence and the decision of the Court below that four consecutive minimum mandatory terms were required.

A reading of the statute clearly indicates that it was not the intent of the General Assembly to reduce the sentences to be imposed. Rather, the General Assembly indicated in its preamble that its policy was to favor consecutive sentences where offenses were committed after a first adjudication of delinquency. *See* 62 *Del.Laws*, Ch. 331. The purpose of this sentencing provision is deterrence and the statute requires that a juvenile be informed at the first adjudication of the effects of the statute in order to allow the respondent to "mend his ways."

It is clear, therefore, that the provisions of 10 *Del.C.* § 937(c) require the imposition of consecutive mandatory terms of institutional confinement for each adjudication of delinquency (for felony offenses) that occurs after the first triggering adjudication.

The decision of Family Court is affirmed.

IT IS SO ORDERED.