IAN REED BANKS,[1] Respondent Below-Appellant,
v.
MELISSA MORGAN ASHBURN, Plaintiff Below-Appellee.
No. 107, 2008.
Supreme Court of Delaware.
Submitted: July 9, 2008.
Decided: September 19, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 19th day of September 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Ian Reed Banks (Father), filed this appeal from a decision issued by the Family Court awarding custody of the parties' three minor children to the appellee, Melissa Morgan Ashburn (Mother). Mother has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Father's opening brief that his appeal is without merit. We agree and affirm.
(2) Father's opening brief on appeal consists of a single-paragraph letter stating that he would like his children to be able to stay with him on the weekends without supervision. He does not point to any particular error in the Family Court's decision, nor does he cite any legal authority. Construing Father's brief broadly, his argument appears to be that the Family Court erred in awarding sole custody of the children to Mother instead of upholding an earlier agreement between Mother and Father that gave the parties shared custody with primary placement with Mother and unsupervised visitation with Father.
(3) The scope of this Court's review of a Family Court judgment includes a review of both law and facts.[2] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[3] The Family Court's factual findings will not be disturbed on appeal if they are supported by the record and are the product of an orderly and logical deductive process.[4] When the determination of facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[5]
(4) The record in this case reflects that the Family Court reviewed all of the factors relevant to performing a best interest analysis under 13 Del. C. § 722(a) and included substantial citation to evidence in the record bearing on each factor. After considering the relevant evidence and analyzing the § 722(a) factors, the Family Court concluded that granting Mother sole custody was in the children's best interests. Among other reasons, the Family Court noted that the two eldest children represented to the Court that Father was abusive to Mother in the past and that he used his visitation time with the children to make further derogatory remarks about Mother to the children. The Family Court also noted that the children have lived with Mother since the parties' separation, have adjusted well to their living arrangements, and enjoy a loving and stable relationship with Mother. The Court further noted that Father had not participated in supervised visitation with the children since the Family Court ordered it in October 2007.
(5) Under the circumstances, we find that the Family Court correctly applied the law. Moreover, the trial judge's factual findings are supported by the record and were the product of an orderly and logical deductive process. We find no abuse of discretion in the Family Court's conclusion that sole custody with Mother was in the children's best interests.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[3] Jones v. Lang, 591 A.2d 185, 186-87 (Del. 1991).
[4] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[5] Wife (J.F.V) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).