GRACE SMITH,[1] Respondent Below-Appellant,
v.
JANE DOE, Petitioner Below-Appellee.
No. 69, 2008
Supreme Court of Delaware.
Submitted: August 22, 2008
Decided: December 3, 2008
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 3rd day of December 2008, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Grace Smith (Grandmother), is the mother of the appellee, Jane Doe (Mother). Grandmother filed this appeal from a decision of the Family Court granting Mother's petition for custody of her five children, with visitation awarded to Grandmother. Prior to the filing of Mother's petition, the children were under the guardianship of Grandmother pursuant to a 2005 Family Court order. After careful consideration of the issues on appeal, we find no error or abuse of discretion in the Family Court's modification of its prior guardianship order. Accordingly, we affirm the Family Court's judgment.
(2) The record reflects that the parties have a lengthy history in Family Court. Grandmother first was awarded guardianship of her granddaughter Danielle, Mother's eldest child, in 1997. In 2000, Grandmother was awarded visitation with two of her grandsons, John and George. In 2001, the Family Court awarded temporary joint custody and guardianship of Danielle to Grandmother as well as to Mother and to Danielle's father, with residential custody to Mother. In 2002, Grandmother filed a petition seeking guardianship of all five of Mother's children. At that time, Mother was recently separated from an abusive husband, the father of her four youngest children, and was struggling emotionally and financially to care for her children, who all have special needs. The Family Court awarded Grandmother temporary guardianship of the children.
(3) In 2003, the Family Court awarded sole custody of the children to Mother. Later that year, Grandmother again was granted temporary guardianship, with liberal visitation to Mother. In 2004, after Grandmother moved with the children from Sussex County to Pennsylvania, Mother filed a rule to show cause and custody petition. Ultimately, the parties were able to reach an agreement whereby Grandmother retained guardianship and physical custody of the children, with Mother having visitation. In 2006, Mother filed a petition for sole custody of her five children, which the Family Court granted. This appeal followed.
(4) Grandmother argues on appeal that the Family Court abused its discretion in awarding sole custody of the children to Mother because the children will be dependent in Mother's care and granting sole custody to Mother is not in the children's best interests. The gist of Grandmother's argument is that the children have done well under her guardianship and that Mother's mental health issues will be exacerbated by the stress of living with her fiancé, his two children, and Mother's five special needs children in a small house and will "ruin her chances of caring for her children."[2]
(5) The Family Court may modify an order of guardianship at any time if a child is deemed no longer dependent or neglected, and it is in the child's best interest to modify the order.[3] The scope of this Court's review of a Family Court order modifying a guardianship order includes a review of both law and facts.[4] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[5] The Family Court's factual findings will not be disturbed on appeal if they are supported by the record and are the product of an orderly and logical deductive process.[6] When the determination of facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[7]
(6) The record in this case reflects that the Family Court heard from numerous witnesses who testified about the children's current care and the parties' respective abilities to provide adequate care in the future. Mother's therapist testified that Mother has worked consistently to improve herself. The therapist also stated that she believed Mother was capable of providing adequate care for her children. While several witnesses testified that the children's living environment with Grandmother was safe and nurturing, there was no testimony that Mother would not provide a safe and nurturing environment. In fact, several witnesses testified that Mother has and would continue to provide a healthy environment for her children.
(7) The trial court also heard testimony about the impact of removing the children from Grandmother's home to live full-time with Mother. While concern was expressed about the need for consistency and stability, the trial court noted that there was no testimony that moving the children back to their mother's home would cause any adverse adjustment problems to them. The court also noted that, of the three older children, two expressed an unequivocal desire to live with Mother and one reflected the ambivalent desire to live with both Grandmother and Mother. Finally, the Court noted that, while Mother has medical conditions to deal with, Grandmother also had serious health conditions to consider.
(8) After reviewing all of the evidence, the trial court concluded that Mother had established changed circumstances sufficient to conclude that the children would not be dependent in her care. Specifically, the Family Court noted that Mother could provide adequate food and shelter for her children. She exhibited a clear understanding of the children's medical, psychological and educational needs, and she had a support system in place. Moreover, the trial court reviewed the factors relevant to performing a best interest analysis under 13 Del. C. § 722(a) and concluded that granting Mother sole custody was in the children's best interests. Among other reasons, the Family Court noted the wishes of the older children, the importance of significant others who will be involved in raising the children, the respective health issues of both Grandmother and Mother, as well as the health concerns of the children. Ultimately, the court ordered that Mother's eldest daughter and youngest son would continue in Grandmother's care until the completion of the school year but with increased contact with Mother and the other children in the period leading up to the change in placement in order to ease the transition. The Family Court also ordered that Grandmother would continue to have liberal visitation with all of the children.
(9) Under the circumstances, we find that the Family Court correctly applied the law. Moreover, the trial judge's factual findings are supported by the record and were the product of an orderly and logical deductive process. The Family Court carefully considered all of the evidence presented and concluded that Mother had demonstrated changed circumstances and established that she was able to provide adequate care for her children. The trial court factored in the concerns expressed by the guardian ad litem and school officials about the children's need for stability and consistency and determined that it would be in the best interests of two of the children to remain with Grandmother for a six-month period to allow them to finish out their school year in Pennsylvania and to transition more slowly to Mother's full-time custody, while it would be in the best interests of the other three children to be returned to Mother's full-time custody immediately, in accordance with the older children's expressed wishes. The record supports these findings. Accordingly, we find no abuse of discretion in the Family Court's conclusion that the children were no longer dependent and that sole custody with Mother was in the children's best interests.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Opening brief at 20.
[3] 13 Del. C. § 2332(b)(2).
[4] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[5] Jones v. Lang, 591 A.2d 185, 186-87 (Del. 1991).
[6] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[7] Wife (J.F.V) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).