IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACK BUTLER, JR.,[1] | § | |
| | § | No. 446, 2015 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | |
| JESSICA LYNN EVANS, | § | File No. CN14-04998 |
| | § | Pet. Nos. 15-08106; 15-08907 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: January 8, 2016
Decided: April 6, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 6th day of April 2016, upon consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1) Parents Jack Butler, Jr. and Jessica Lynn Evans filed a series of motions in the Family Court regarding custody and visitation rights concerning their child. The appellant, Butler, has appealed the Family Court's order dated July 20, 2015, denying his motion to reopen and reargue the court's order of June 23, 2015, which accepted a Commissioner's order dated April 13, 2015, finding

---

[1] By Order dated August 19, 2015, the Court *sua sponte* assigned pseudonyms to the parties. Supr. Ct. R. 7(d).

Butler in contempt of an order for protection from abuse ("PFA"). We find no merit to the appeal. Accordingly, we affirm.

(2) The record reflects that Butler and the appellee, Evans, filed cross-petitions for PFA orders in January 2015. Following a hearing on January 30, 2015, the PFA petitions were resolved by a Consent Order without a finding of abuse. The Consent Order granted Evans visitation with the child every weekend at a relative's home in Maryland.

(3) On March 23, 2015, Evans filed a motion for contempt of the Consent Order, alleging that Butler was denying her visitation. A hearing was scheduled for April 13, 2015. On April 1, 2015, Butler filed a cross-motion for contempt, contending that visitation with Evans was not occurring under the terms of the Consent Order, which provided that it was supposed to be at Evans's sister's home. The Consent Order's terms, however, do not provide a specific address or specify at which of Evans's three sisters' homes visitation with Evans was to occur. Butler also moved for a continuance of the April 13 hearing, which the Family Court denied.

(4) At the April 13 hearing on the motions for contempt, Butler argued that the Consent Order did not accurately reflect the intent of the parties. At the conclusion of the hearing, the Commissioner granted Evans's motion for contempt and denied Butler's motion for contempt. The Commissioner explained that

2

Butler's private investigator, who Butler alleged could attest to Evans's alleged abuse of their daughter, was not in court to testify. In a written order issued the same day, the Commissioner ruled:

> For the reasons stated on the record, the court finds Mr. [Butler] in contempt of the current PFA [Consent Order] in effect as he has not allowed the child to have visitation with Ms. [Evans] since 2/8/15. Again, for the reasons stated on the record, Mr. [Butler's] motion is denied on the merits.

(5) Butler filed a request for review of the Commissioner's April 13 order. After ordering and reviewing a transcript of the January 30 PFA hearing, the Family Court issued an order on June 23, 2015, accepting the Commissioner's April 13 order and entering that order as the final order of the court. The Family Court's June 23 order provided that "the terms discussed were exactly what the Commissioner wrote in the January 30, 2015 [Consent] Order."

(6) On June 29, 2015, Butler filed a "motion to reopen and reargue" the June 23 order. The Family Court denied the motion on July 20, 2015. This appeal followed.

(7) On appeal, Butler argues that the Family Court erred when it denied his motion to reopen and reargue the June 23 order, which entered the April 13 order as the court's final order. On appeal from an order denying a motion seeking

3

to reopen and reargue a Family Court judgment, we uphold factual findings unless clearly erroneous and review errors of law *de novo*.[2]

(8)    Having carefully considered the parties' positions on appeal and the Family Court record, we affirm the July 20 order denying Butler's motion to reopen and reargue.  Butler has not demonstrated, and the record does not reflect, a basis to reopen or reargue the June 23 order.  The record reflects that the Family Court conducted a proper review of the April 13 order and did not err when accepting that order as the final order of the court.  The Family Court had a sufficient basis in the record to conclude that the Consent Order accurately reflected the parties' agreement and that Butler had violated the order by denying required visitations.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

> BY THE COURT:
> */s/ Leo E. Strine, Jr.*
> Chief Justice

---

[2] *Snyder v. Snyder*, 2010 WL 3463390 (Del. Sept. 3, 2010) (citing *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979)).