IN THE SUPREME COURT OF THE STATE OF DELAWARE

JACK BUTLER, JR.,[1] §
§ No. 601, 2015
Petitioner Below, §
Appellant, § Court Below—Family Court of
§ State of Delaware in and for
v. § New Castle County
§
JESSICA LYNN EVANS, § File No. CN14-04998
§ Pet. No. 15-04870
Respondent Below, §
Appellee. §

Submitted: February 26, 2016
Decided: May 17, 2016

Before **STRINE,** Chief Justice; **HOLLAND** and **VALIHURA,** Justices.

**O R D E R**

This 17th day of May 2016, upon consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)  The parties, Jack Butler, Jr. and Jessica Lynn Evans, are the parents of a child born in 2011. Beginning in 2014, Butler and Evans filed a series of custody and visitation petitions concerning the child. Butler has appealed a Family Court order denying a rule to show cause petition filed against Evans. We find no merit to the appeal. Accordingly, we affirm.

---

[1] By Order dated November 5, 2015, the Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

(2)    In January 2015, following a hearing on the parties' cross-petitions for

protection from abuse, the Family Court issued a Consent Order, without a finding

of abuse.  The Consent Order provided, in relevant part, that Evans could have

visitation with the child every weekend at Evans' sister's residence in Conowingo,

Maryland.

(3)    In February 2015, Butler filed a rule to show cause petition alleging

that Evans had violated the terms of visitation the previous weekend.  Butler accused

Evans of having visitation with the child somewhere other than Evans' sister's

residence in Conowingo and of returning the child ninety minutes late on Sunday.

(4)    At a hearing before a Commissioner on the rule to show cause petition,

Evans testified that she and the child did not stay with her sister in Conowingo during

the weekend in question because her sister resided there with a friend and was out

of town. Evans testified that she and the child spent the weekend with Evans' former

boyfriend  and  his  great-grandmother  at  the  great-grandmother's  house  in

Conowingo. Evans also testified that she was ninety minutes late returning the child

on Sunday, but she explained that the delay was due to car trouble.

(5)    By order dated July 20, 2015, the Commissioner denied Butler's rule to

show cause petition.  The Commissioner found that Evans "did not intentionally or

maliciously violate" the Consent Order and that Evans showed sufficient reasonable

cause for visiting the child at a location other than her sister's residence "this one time" and for the ninety minute delay in returning the child.

(6) Butler filed a request for review of the Commissioner's order. After reviewing the hearing transcript, the Family Court issued an order dated October 7, 2015, affirming the denial of the rule to show cause petition and entering the Commissioner's order as the final order of the court. On appeal from the Family Court's order, Butler argues that Evans' admitted violations of the Consent Order warranted the imposition of sanctions for contempt.

(7) When a party files a timely request for review of a Commissioner's order, the Family Court must conduct a *de novo* review of the record to determine if the Commissioner's order should be accepted, rejected, or modified.[2] This Court's review of a Family Court order, including an order on a request for review of a Commissioner's order, extends to the facts and the law as well as to the inferences and deductions made by the trier of fact.[3] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[4] "When the determination of facts turns on a question of the credibility and the acceptance or rejection of the

[2] 10 *Del. C.* § 915(d)(1).

[3] *Kraft v. Mason*, 2010 WL 5341918 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).

[4] *King v. Booker*, 2015 WL 4985367 (Del. Aug. 20, 2015) (citing *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991)).

testimony of witnesses appearing before" the trier of fact, we will not substitute our opinion for that of the trier of fact.[5]

(8)     Having carefully considered the parties' submissions on appeal and the Family Court record, including the transcript of the rule to show cause hearing, we conclude that the Family Court did not err or abuse its discretion when it affirmed the denial of Butler's rule to show cause petition and accepted the Commissioner's order as the final order of the court. The Family Court properly concluded that there was support in the record for the Commissioner's determination that Evans did not willfully violate the Consent Order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Wheatley v. Wheatley*, 1996 WL 145975 (Del. Mar. 21, 1996) (quoting *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979)).