IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL NEWMAN,[1]       §
§ No. 119, 2016
    Petitioner Below- §
    Appellant, §
§ Court Below—Family Court
    v. § of the State of Delaware
§
SARAH NEWMAN, § File No. CN10-01567
§ Petition No. 14-23105
    Respondent Below- §
    Appellee. §

Submitted: October 7, 2016
Decided: November 29, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 29th day of November 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Michael Newman ("the Father"), filed this appeal from the Family Court's order dated February 15, 2016, denying his petition for modification of a prior custody order. After careful consideration, we find no merit to the appeal. Thus, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The record reflects that the parties are the parents of a son, born June 28, 2001, and a daughter, born November 19, 2004 (collectively, "the Children"). The parties were married in 2001 and were divorced on September 2, 2010. On January 26, 2011, the parties signed a stipulation agreeing to joint legal custody of the Children with shared residential placement. The Family Court entered the parties' stipulation as an order of the court.

(3) In January 2012, the Father filed a petition to modify custody, which the parties again resolved by stipulated order dated August 7, 2012, agreeing to continue joint legal custody of the Children with shared residential placement. The Father then filed another petition to modify custody in October 2012. After a full hearing, the Family Court entered an order on March 20, 2013, denying the Father's petition and ordering the parties to continue joint legal custody with shared residential placement. On August 27, 2014, the Father filed a petition to modify the 2013 custody order. After a hearing, the Family Court denied that petition on February 15, 2016. This appeal followed.

(4) Although it is not entirely clear, the Father appears to argue in his opening brief on appeal that the Family Court erred by failing to enforce a provision of the 2012 stipulated order, which provided that the Father

2

would be given primary residential custody of the Children if the Mother failed to move back to Delaware before the start of the Children's 2012-2013 school year. The Father implies that the Mother failed to comply with the 2012 custody order and, as a result, he was entitled to primary custody of the Children.

(5) Any issues related to the 2012 custody order are moot, however, because the 2012 judgment was superseded by the 2013 order and the 2016 order, which is currently before the Court on appeal.[2] With respect to the 2016 custody order, the Father appears to argue that the Family Court did not accept his evidence that the Mother previously had been evicted from several properties, that she frequently had her utilities cut-off, that she was causing stress for the Children by continuing to make false allegations in the custody proceedings, and that the Children's grades were "declining." The Father requests "retroactive" custody, as well as child support.[3]

(6) In reviewing a motion for modification of custody that is filed within two years of the Family Court's most recent custody order entered after a full hearing, the Family Court "shall not modify its prior order unless it finds, after a hearing, that continuing enforcement of the prior order may

---

[2] *Randall v. Randall*, 2012 WL 4377844 (Del. Sept. 25, 2012).
[3] The issue of child support was not a matter that was raised to or decided by the Family Court in response to the Father's petition to modify custody. Accordingly, we do not reach the issue of child support in this appeal. *See* Del. Supr. Ct. R. 8.

endanger the child's physical health or significantly impair his or her emotional development."[4] In this case, the Family Court concluded, after considering all of the evidence, that the Father had not sustained his burden of showing that the March 2013 order granting the parties joint custody with shared residential placement endangered the Children's physical health or threatened their emotional development.

(7) Our standard of review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[5] We have the duty to review the sufficiency of the evidence and to test the propriety of the findings.[6] Findings of fact will not be disturbed on appeal unless the findings are clearly erroneous.[7] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[8]

(8) In this case, the Family Court held a hearing on the Father's petition to modify custody on November 25, 2015. The transcript of that hearing reflects that both parties appeared, without counsel, and were the only two witnesses to testify. At the parties' request, the Family Court conducted an interview of both children on January 20, 2016. On February

[4] 13 *Del. C.* 729(c)(1) (2009).
[5] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).
[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[7] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[8] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.

15, 2016, the Family Court issued a twenty-six page opinion setting forth its findings and conclusions. The court reviewed all of the parties' testimony and evidence and concluded that the Father had failed to sustain his burden of showing that joint custody with shared residential placement was endangering the physical health or significantly impairing the emotional development of the Children.

(9) Among other things, the Family Court found that, although the Mother had moved several times in a short period, she had never been homeless or subjected the Children to inappropriate housing arrangements. The court noted that, while both parties cared for the Children, their joint conduct contributed to the Children's feelings of anxiety and their fluctuating grades. In ordering the parties to maintain joint custody with shared residential placement, the Family Court gave great weight to the Children's expressed wishes to continue the existing custody arrangement so that they could spend equal time with both of their parents.

(10) After careful review of the record and the parties' contentions on appeal, we hold that the Family Court's factual findings are amply supported by the record, and we find no basis to disturb those findings on appeal. The Family Court properly applied the law to the facts in concluding that Father failed to sustain his burden of proving that continued

5

enforcement of the March 2013 order awarding joint custody of the Children with shared residential placement endangered the Children's physical health or significantly threatened their emotional development. We find no basis to overturn the Family Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice