IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAIGE WORTHINGTON,[1] | § | |
| | § | No. 499, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK15-01875 |
| GAVIN E. BACHMAN, | § | Petition No. 15-29606 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: March 24, 2017
Decided: May 31, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 31st day of May 2017, upon consideration of the opening brief and the record below, it appears to the Court that:

(1)   The appellant, Paige Worthington ("the Mother"), filed this appeal from an August 23, 2016 Family Court order granting the petition for custody filed by the appellee, Gavin E. Bachman ("the Father"), and denying the Mother's counterclaim for custody and relocation and a September 14, 2016 order denying the Mother's motion for reargument.  We conclude that the Family Court did not err in awarding the parents joint custody and shared residential placement of their son, but

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

did err in failing to enter a daily or weekly residential schedule and vacation schedule in the event the parties were unable to agree upon a schedule. Accordingly, we affirm in part and reverse in part.

(2) The parties are the parents of a three-year old son ("the Child"). On September 18, 2015, the Father filed a petition for custody. The Father sought shared custody of three days a week and full custody if the Mother moved out of state. In her answer and counterclaim to the petition, the Mother sought residential and primary custody of the Child. The Mother also requested permission to relocate to Florida with the Child. In an interim consent custody order, the parties agreed to joint custody with the Father having the Son for two overnight visits every week and every other weekend.

(3) The Family Court held a hearing on the Father's petition on June 29, 2016. The Family Court heard testimony from the parties, the maternal grandmother, and the girlfriend of the Mother's brother. In an order dated August 23, 2016, the Family Court concluded that it would be in the Child's best interests for the Mother and the Father to have joint custody and shared residential placement. The Family Court denied the Mother's petition to relocate with the Child to Florida, finding that the negative impact of the relocation on the Child's relationship with the Father outweighed the benefits of relocation and would not be in the Child's best interests.

2

(4) On September 2, 2016, the Mother filed a motion for reargument. The Father filed his response to the motion on September 13, 2016. The Family Court denied the motion for reargument on September 14, 2016. This appeal followed.

(5) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

(6) Under Delaware law, the Family Court must determine legal custody and residential arrangements for a child in accordance with the best interests of the child. The criteria for determining the best interests of a child are set forth in 13 *Del. C.* § 722.[5] In deciding a request for permission to relocate with a child, the Family Court may, but is not required to, consider the factors set forth in the Model Relocation Act.[6]

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 Del. C. § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household. 13 *Del. C.* § 722.
[6] *Potter v. Branson*, 2005 WL 1403823, at *2 (Del. June 13, 2005) (holding the Family Court has discretion to consider additional factors like the Model Relocation Act factors as long as it considers the mandated Section 722 factors). The Model Relocation Act factors include: (i) the nature, quality, extent of involvement and duration of relationship of the child with each parent;

3

(7)     On appeal, the Mother first argues that the Family Court's decision was not the result of an orderly and logical deductive reasoning process. Specifically, the Mother contends the Family Court's analysis of the Section 722 and Model Relocation Act factors failed to consider that the Father's testimony was uncorroborated, Mother had previously lived in Florida for six years, the Father was aware the Mother wished to move to Florida before the Child was born, the Mother had family in Florida, the Child's siblings would be relocating to Florida with the Mother, the Mother was scheduled to take the Florida Real Estate Brokers License test, and there would no need for the Mother to obtain daycare in Florida because she could set her own schedule as a real estate broker. The Mother also notes that the Child has extensive contact with numerous relatives on her side of the family, while the Father testified that the Child only had limited contact with one of his relatives (his adult daughter). The Mother further contends the Family Court should have given more weight to the fact that the Father had not obtained a bed or room for the Child until shortly before the June 29th hearing. The Mother also emphasizes

_____

(ii) the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development; (iii) the feasibility of preserving the child's relationship with the non-custodial parent; (iv) the child's preference, considering age and maturity level; (v) whether there is an established pattern of the person seeking relocation either to promote or thwart the child's relation with the other parent; (vi) whether the relocation of the child will enhance the general quality of life for both the party seeking the relocation and the child, including but not limited to financial, emotional, or educational opportunity (including cultural opportunities and access to extended family); (vii) the reasons for seeking relocation; and (vii) any other factor affecting the interest of the child. Proposed Model Relocation Act § 405, 10 J. Am. Acad. Matrim. Law 1, at *18 (1998).

4

that the Father has a good relationship with the Child due to the Mother's flexibility in the face of the Father's constantly changing work schedule and that she would make sure the Child had frequent contact with the Father if she relocated to Florida.

(8)     After a careful review of the Mother's arguments and the record, we find no error or abuse of discretion in the Family Court's ruling.  The Family Court correctly applied the law and considered the best interest factors under 13 *Del. C.* § 722.   The Family Court concluded that joint custody and shared residential placement was in the best interests of the Child because the factors did not weigh heavily in either party's favor and both the Mother and the Father appeared able to provide a loving, supportive relationship for the Child.  As to the Mother's request to relocate to Florida with the Child, the Family Court recognized there were some benefits to the proposed relocation, but that those benefits were outweighed by the negative impact of the relocation on the Father's relationship with the Child.

(9)     The Mother's disagreements with the Family Court's findings do not justify reversal of its decision.  It is apparent from the Family Court order that the Family Court carefully reviewed the evidence before it, made factual findings that are supported by the record, and applied the correct legal standard.  When the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before the trial judge, this Court

will not substitute its opinion for that of the trial judge.[7] We must therefore defer to the Family Court's decision that it was in the Child's best interests for the parents to have joint custody and shared residential placement.[8] We also find no error in the Family Court's denial of the Mother's motion for reargument.

(10) Finally, the Mother argues that the Family Court erred in not specifying a complete visitation schedule between the parents and the Child as required by 13 *Del. C.* § 728(a). The Family Court encouraged the parents "to create an agreed equitable written visitation schedule that fits their circumstances and their child's life, with the following serving as a schedule when the parents cannot agree."[9] The schedule entered by the court covered holidays, birthdays, and school breaks, among other things, but did not provide a daily or weekly residential schedule or vacation schedule in the absence of the parties' agreement. The Family Court should enter a daily or weekly residential schedule and vacation schedule to apply if the parties cannot agree on a schedule.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED in part and REVERSED in part. The matter is REMANDED

---

[7] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[8] *See, e.g., Price v. Boulden*, 2014 WL 2014 WL 3566030, at *9 (Del. July 14, 2014) (deferring to the Family Court's decision where the record reflected that the Family Court made factual findings supported by the record and applied the correct legal standard); *Clark v. Clark*, 47 A.3d 513, 517–21 (Del. 2012) (deferring to the Family Court's factual finding that a custody arrangement was in the best interests of the children).

[9] *G.B. v. P.W.*, File No. CK15-01875, Petition No. 15-29606, Order at 6 (Del. Fam. Ct. Aug. 23, 2016).

to the Family Court to enter a daily or weekly residential schedule and vacation schedule.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice