IN THE SUPREME COURT OF THE STATE OF DELAWARE

SAMANTHA PRICE,[1]                 §
                                   §  No. 378, 2021

      Petitioner Below,        §

      Appellant,              §  Court Below—Family Court
                                   §  of the State of Delaware

      v.                      §
                                   §  File No. CS16-02041

DIVISION OF FAMILY       §  Petition No. 20-21667

SERVICES,                 §

                                   §

      Respondent,          §

      Appellee.             §

Submitted: August 12, 2022
Decided:   October 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Having considered the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The petitioner below-appellant, Samantha Price, filed this appeal from the Family Court's order, dated April 19, 2022, denying her petition for guardianship of her niece born in 2009 ("the Child"). For the reasons set forth below, this Court affirms the Family Court judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On October 7, 2020, Price filed a petition for guardianship of the Child.[2] Price previously had guardianship of the Child between 2009 and 2016. In June 2016, the Family Court granted DFS emergency custody of the Child. In September 2016, the Family Court granted DFS' petition to rescind Price's guardianship of the Child. The Family Court found, among other things, that Price had physically abused the Child and had not obtained appropriate medical care for the Child. This Court affirmed the Family Court's judgment.[3] In June 2018 and November 2019, the Family Court denied Price's petitions for guardianship of the Child.

(3)     In August 2018, the Family Court terminated the parental rights of the Child's biological parents. This Court affirmed the Family Court's termination of parental rights.[4]

(4)     In her October 2020 petition for guardianship, Price alleged that the Child was dependent because her foster care placements had changed multiple times and she was suffering from depression and other mental challenges. DFS and the Child's attorney opposed Price's petition for guardianship but disagreed as to the legal standard the Family Court should apply to a guardianship petition filed against

---

[2] Price originally sought guardianship of the Child's older sister as well but did not object to the Division of Family Services' ("DFS") motion to dismiss based on the adoption of the older sister in September 2020.
[3] *Price v. Div. of Family Servs.*, 2017 WL 4479493 (Del. Oct. 6, 2017).
[4] *Mathis v. Dept. of Servs. for Youth & Their Families*, 2019 WL 1410751 (Del. Mar. 28, 2019).

DFS after the termination and transfer of parental rights to DFS. DFS argued that the Family Court should apply 13 *Del. C.* § 2330(a), which provides:

> Prior to granting an order for guardianship under this chapter, the Court shall find for each parent the following:
>> (1) The parent voluntarily consents to the guardianship; notwithstanding the consent, if the child is in DSCYF custody, the Court shall also determine whether guardianship is the appropriate permanency plan for the child and whether it is in the best interest of the child for the guardianship to be granted; or
>> (2) After a hearing on the merits, by a preponderance of the evidence that petitioner has established:
>>> a. The child is dependent, neglected or abused and the reasons therefor; and
>>> b. It is in the best interests of the child for the guardianship to be granted.

Under this standard, Price would have to show that DFS consented to the guardianship petition or that the Child was dependent, neglected or abused in DFS' custody and that it was in the best interests of the Child for the guardianship petition to be granted.

(5) The Child's attorney argued that the Family Court should apply 13 *Del. C.* § 2330(c), which provides:

> When a guardianship petition is filed against a current guardian, and the elements of subsection (a) of this section are met regarding the parents, the Court shall determine whether the petition shall be granted based upon the best interests of the child.

The Child's Attorney further argued that the Family Court should limit its analysis to the best interests of the Child and not consider whether Section 2330(a) was satisfied as to the Child's parents. Under this standard, Price would have to show

3

that it was in the best interests of the Child for the guardianship petition to be granted but would not have to show the Child was dependent, neglected, or abused. Price did not submit any written arguments regarding the applicable standard.

(6) On July 2, 2021, the Family Court issued an order deciding the appropriate legal standard. The Family Court found that Sections 2330(a) and (c) were ambiguous as to the appropriate legal standard when a petitioner filed a guardianship petition against DFS after the termination and transfer of parental rights to DFS. After reviewing the relevant statutory language and the arguments of DFS and the Child's attorney, the Family Court concluded that Section 2330(c) should apply to Price's petition. The Family Court held that its previous dependency rulings against the Child's parents satisfied the Section 2330(c) requirement that the elements of Section 2330(a) be met as to the parents. The Family Court also stated that it would be reasonable to interpret Section 2330(c) as proposed by the Child's attorney. Under either interpretation of Section 2330, the only remaining inquiry was whether granting Price's petition was in the best interests of the Child.

(7) On July 8, 2021, the Family Court held a hearing on Price's petition. The Family Court heard testimony from Price, four of Price's friends and relatives, the DFS worker overseeing the Child's case, and the Child's foster mother. At the end of the hearing, the Family Court advised that it would be interviewing the Child.

4

The Family Court directed the parties to submit any proposed questions for the interview by July 23, 2021.

(8) Price, the Child's counsel, and DFS submitted proposed questions for the Family Court. In addition to proposed questions, Price submitted documents, emails, pictures, and videos. The Child's counsel, with the support of DFS, moved to strike the additional materials Price had submitted because she could have submitted those materials at the July 8, 2021 hearing. Price claimed that most of the materials related to her proposed questions for the Child. The Family Court granted the motion to strike but stated that it would consider the questions proposed by the parties. The Family Court interviewed the Child on August 12, 2021.

(9) On November 15, 2021, the Family Court issued a decision denying Price's petition for guardianship. The Family Court found that the Child was previously determined to be dependent as to her biological parents and that the best-interest factors under 13 *Del. C.* § 722 weighed in favor of denying Price's petition. This appeal followed.

(10) On appeal, Price argues that the Family Court erred by: (i) failing to apply the standard set forth in Section 2330(c) and find the Child dependent or neglected in DFS' custody; (ii) failing to use the questions and materials Price submitted for the interview of the Child and relying on the Child's inadmissible hearsay statements during the interview; and (iii) finding that the best interest-factors

5

weighed against the guardianship petition by relying upon hearsay and previous rulings.[5]

(11)  To the extent the issues on appeal implicate rulings of law, we conduct a *de novo* review.[6]  If the Family Court correctly applied the law, our review is limited to abuse of discretion.[7]  We will not disturb the Family Court's rulings on appeal if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly and logical reasoning process.[8]  On issues of witness credibility, we will not substitute our judgment for that of the trier of fact.[9]

(12)  In arguing that the Family Court failed to apply standard set forth in Section 2330(c) and find the Child dependent or neglected in DFS' custody,[10] Price seems to believe (as DFS argued below but does not argue on appeal) that DFS should be considered a parent of the Child for purposes of Section 2330(a).  The Family Court rejected this argument, finding it contrary to legislative intent and Section 1113(a), which provides that the custody and guardianship transferred to a

---

[5] *Charles v. Div. of Family Servs.*, 2012 WL 1434992, at *1 (Del. Apr. 25, 2012) (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).
[6] *Heller*, 669 A.2d at 29.
[7] *Jones v. Lang*, 591 A.2d 185, 186–87 (Del. 1991).
[8] *Heller*, 669 A.2d at 29.
[9] *Wife (J. F. V.), v. Husband (O. W. V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[10] As both DFS and the Child's counsel point out, the Family Court's interpretation of the guardianship statute benefitted Price because it relieved her of the burden of showing the Child was dependent, neglected, or abused in the custody of DFS.

6

person or organization to whom parental rights are transferred terminates automatically upon another order transferring parental rights or an order of adoption. It is unnecessary for us to resolve this issue as granting Price's guardianship petition also had to be in the Child's best interests, which the Family Court correctly determined it was not.[11]

(13) Price next challenges the Family Court's interview of the Child. Contrary to Price's contentions, the Family Court was not required to ask the questions or use the materials submitted by Price. It was within the Family Court's discretion to interview the Child and to determine which, if any, of the questions submitted by the parties to ask.[12] The November 2021 order reflects that the Family Court covered many of the topics suggested by Price's questions, including whether the Child missed her cousins, friends and school and whether Price took care of the Child during the previous guardianship. There is no indication that the Family Court abused its discretion in its interview of the Child.

---

[11] *See infra* ¶¶ 15-17. We share the Family Court's view that Section 2330 was not drafted in anticipation of a situation like this one where a guardianship petition is filed against DFS after the termination transfer of parental rights to DFS. We also agree with the Family Court that Section 2330 is ambiguous as to the required findings for parents in this situation. Under these circumstances, we believe amendment of Section 2330 to clarify the legal standard applicable to this situation would be beneficial.

[12] 13 *Del. C.* § 724(a) ("The Court may interview the child in chambers to ascertain the child's wishes as to his or her custodian and may permit counsel to be present at the interview."); *Maureen F.G. v. George W.G.*, 445 A.2d 934, 936 (Del. 1982) (describing this statute as permissive and not mandatory).

(14) As to Price's contention that the Child's statements during the interview were inadmissible hearsay, she is mistaken. The Child's statements—which included that if she eventually did visit Price she would prefer visits to be supervised so she would feel safer and that she did not want the Family Court to grant the guardianship petition—were based on her personal experiences with Price. Those statements were not hearsay.[13]

(15) Finally, Price argues that the Family Court erred in finding that the best-interest factors weighed against her guardianship petition. This argument is not persuasive. The Family Court addressed each of the best-interest factors under Section 722 and made detailed findings as to each factor. The Family Court's conclusion that the best-interest factors weighed against Price's guardianship petition was supported by the record and the product of an orderly and logical deductive process.

(16) Contrary to Price's contentions, the Family Court could consider the DFS worker's testimony regarding the Child's statements that she did not want to live with Price and wanted a supervised visit so she could tell Price that what she

---

[13] *See, e.g., Thomas v. State*, 2015 WL 2169288, at *3 (Del. May 8, 2015) (testimony limited to police officer's personal experiences and firsthand observations was not hearsay); *Jenkins v. State*, 8 A.3d 1147, 1153 (Del. 2010) (police officer's testimony based on his firsthand observations of which he had personal knowledge was not hearsay).

had done to her was wrong. As required by Section 724(d), DFS gave notice of its intent to offer the out-of-court statement and the Family Court interviewed the Child.

(17) Price also argues that the Family Court could not consider its prior rulings concerning Price and the Child. A court may take judicial notice of the "records of the court in which the action is pending."[14] Price tries to relitigate the factual findings in the Family Court's earlier decision to rescind her guardianship of the Child, but she already had the opportunity to raise those claims in her unsuccessful appeal of that decision. She was not entitled to relitigate those claims again in this proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[14] D.R.E. 202(d)(1)(C).