IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| GARY I. STUART, JR.[1] | § |
| | § No. 470, 2016 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK15-02155 |
| OLIVA STUART, | § Petition No. 16-08585 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: January 27, 2017
Decided:     March 22, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 22nd day of March 2017, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The appellant, Gary I. Stuart, Jr. ("the Husband"), filed this appeal from the Family Court's August 15, 2016 order accepting the Commissioner's April 12, 2016 order denying the Husband's petition for an order of protection from abuse ("PFA"). We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2)     On March 7, 2016, in the midst of the parties' divorce proceedings, the appellee, Oliva Stuart ("the Wife"), filed a petition for a PFA order along with

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

a motion for an emergency *ex parte* order. The Wife sought a PFA order on behalf of herself and the parties' three minor children. A Family Court Commissioner granted the Wife's motion for an emergency *ex parte* order. The emergency *ex parte* order prohibited the Husband from contacting the Wife, granted the Wife exclusive use of the parties' residence, and granted the Wife temporary custody of the parties' children.

(3) On March 22, 2016, the Husband filed a petition for a PFA order. The Husband sought a PFA on behalf of himself and the parties' children. On April 12, 2016, after several continuances, a Family Court Commissioner held a hearing on the parties' PFA petitions. After hearing testimony from the Husband and the Wife, the Commissioner denied the Husband's PFA petition and granted the Wife's PFA petition.

(4) On May 5, 2016, the Husband filed a request for review of the Commissioner's denial of his petition for a PFA order.[2] In an order dated August 15, 2016, the Family Court accepted the Commissioner's denial of the Husband's petition for a PFA order. This appeal followed.

(5) When a party files a timely request for review of a Commissioner's order, a Family Court judge must conduct an independent, *de novo* review of the

---

[2] In his reply brief, the Husband argues that he sought review of the Commissioner's order granting the Wife's PFA petition. The Family Court record, however, reflects that the Husband filed a request for review in the PFA proceeding he instituted against the Wife, not the PFA proceeding the Wife instituted against him.

2

record in order to determine whether the portions of the Commissioner's order to which an objection has been raised should be accepted, rejected, or modified in whole or in part.[3]  This Court's standard of review in an appeal from the Family Court judge's order extends to a review of the facts and the law as well as to the inferences and deductions made by the judge.[4]  Issues of law are reviewed *de novo*.[5]  If the issues on appeal implicate rulings of fact, we conduct a limited review of the factual findings to assure that they are sufficiently supported by the record and are not clearly wrong.[6]  To obtain a PFA order, a petitioner must establish by a preponderance of the evidence that the respondent has committed an act of domestic violence.[7]

(6)    On appeal, the Husband first argues he was not allowed to gather new evidence from his house that would have supported his PFA petition.  The Husband attached multiple emails to his PFA petition in which he described times the Wife or her family abused him, but noted there was additional documentation of abuse at his house that he wanted his counsel to obtain.  The Husband submitted additional emails at the PFA hearing and again noted that there was additional documentation of the Wife's abuse at their house.  According to the Husband, the documents at the house were similar to what he had already submitted—his

---

[3] 10 *Del. C.* § 915(d)(1).
[4] *Wife (J.F.V.) v. Husband (O.W.V, Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[5] *In re Heller*, 669 A.2d 25, 29 (Del. 1995)
[6] *Swanson v. Davis*, 2013 WL 3155827, *2 (Del. June 20, 2013).
[7] 10 *Del. C.* § 1044(b).

descriptions of abuse by the Wife or her family. In his appeal of the Commissioner's order, the Husband stated he had new evidence of abuse he was unable to retrieve from his house before the PFA hearing.

(7) Applying Family Court Rule 53.1(e), the Family Court concluded that the additional documents did not constitute newly discovered evidence and that the circumstances did not justify reopening the record in the interest of justice. As the Family Court noted, the Husband failed to specify the information contained in the additional documents. There was no indication that the additional documents were not cumulative or duplicative of the documents already offered by the Husband. There was also no sign that the additional documents would have probably changed the outcome of the PFA hearing. The Family Court did not err, therefore, in concluding that the Husband's objection regarding the additional documents lacked merit.

(8) The Husband next argues that he was prevented from cross-examining the Wife about alleged lies in her PFA petition. The record reflects that the Husband was represented by counsel on the Wife's PFA petition against him, but represented himself on his PFA petition against the Wife. The Husband's counsel cross-examined the Wife about her PFA petition.

(9) The Husband cross-examined the Wife about matters relating to his petition and the Wife's petition. After the Commissioner sustained the Wife's

4

objection to the Husband's cross-examination about an incident raised in the Wife's petition that had been the subject of cross-examination by the Husband's counsel, the Husband stated he had no further questions. The record reflects that the Husband and his counsel had ample opportunity to cross-examine the Wife. The Family Court did not err in accepting how the Commissioner handled the cross-examination of the Wife.

(10) The Husband next argues that the Commissioner erred in her treatment of a complaint he filed in the United States District Court for the District of Delaware against, among others, the Knights of Columbus, two former presidents of the United States, and the principal of his son's school. The Husband did not raise this claim in the Family Court so we review for plain error.[8] There is no plain error here.

(11) The Commissioner questioned the Husband's credibility based on, among other things, his decision to sue the principal of his son's school because the school left a message with incorrect information about the first day of school and his complaints regarding the Wife's lack of support for this decision. The Husband claims the Commissioner improperly rejected his argument that the principal was required to admit or deny the allegations complaint and the

---

[8] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review….").

5

Commissioner's view of his federal complaint reflected her bias as the spouse of a deputy attorney general. It is unclear how the principal's obligations under the Federal Rules of Civil Procedure have any relevance to the PFA proceedings. In any event, the Commissioner did not err in stating that the principal did not have to admit or deny the Husband's allegations if she filed a motion to dismiss as the Husband indicated.[9] Nor does the record reflect any bias by the Commissioner in her views of the Husband's federal complaint.

(12) Finally, the Husband argues that the Commissioner disregarded evidence he submitted to show his mental health. The Husband submitted an Army document, dated April 5, 2012, stating there was no evidence of any medical or psychiatric condition that prevented reinstatement of his security clearance. The Husband provided this document to rebut older medical records his Wife submitted to support her allegations that he was mentally unwell. When the Husband relied on the April 2012 document to question the concerns expressed by the Commissioner regarding his mental health, the Commissioner emphasized that the document was more than four years old and did not mean the Husband was necessarily free of any mental health issues in 2016.

---

[9] Fed. R. Civ. P. 7(a)(2) (defining an answer to a complaint as a pleading); Fed. R. Civ. P. 8(b)(1) (requiring a responsive pleading to state defenses and admit or deny opposing party's allegations); Fed. R. Civ. P. 12(b) (providing that a motion to dismiss asserting any of the listed defenses must be made before a responsive pleading (such as an answer)).

(13) The transcript of PFA hearing reflects that the Commissioner's concerns regarding the Husband's mental health were based on her observations of his behavior at the hearing. There is no indication that the Commissioner's concerns were based on the older medical records provided by the Wife or that the commissioner erred in choosing not to rely upon the April 2012 document offered by the Husband. The Commissioner did not err in concluding that the Husband failed to establish by a preponderance of the evidence the Wife committed an act of abuse under 10 *Del. C.* § 1041(1). The Family Court did not err in affirming the Commissioner's order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice