IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KAREN LEPAGE,[1] | § |
| | § No. 151, 2017 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN15-06044 |
| REGINA MACKLIN, | § Petition No. 15-33995 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: November 17, 2017
Decided: January 29, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 29th day of January 2018, upon consideration of the opening brief and the record below, it appears to the Court that:

(1)  The appellant, Karen Lepage ("the Mother"), filed this appeal from the Family Court's March 21, 2017 letter decision and order granting the appellee, Regina Macklin, visitation with one of Lepage's children.  We find no error or abuse of discretion in the Family Court's decision.  Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On October 21, 2015, Macklin filed a petition for third-party visitation with three of the Mother's children.  In her petition, Macklin alleged that she helped the Mother care for the children after they first met, but the Mother would not let her see the children after they broke up.  Macklin subsequently filed an amended petition for third-party visitation with just one of the children ("the Child") because she was able to complete service on the Child's father.

(3)     The Family Court held a call of the civil calendar on December 19, 2016.  Macklin was the only party to attend the hearing.  A visitation hearing was scheduled for February 1, 2017.

(4)     At the February 1, 2017 hearing, the Family Court heard testimony from Macklin, a friend and former roommate of Macklin, Macklin's nephew, and the Child's maternal grandmother.  Neither of the Child's parents appeared at the hearing.  The Mother had sent a letter objecting to visitation to the Family Court judge.

(5)     At the hearing, Macklin testified that she helped the Mother raise the children, which included financial support, but the Mother did not want Macklin to see the children after they broke up.  Macklin was still able to see the children occasionally when they visited their maternal grandmother, but the Mother objected to that contact as well.  Macklin's former roommate testified that the Mother would leave the Child and his siblings with Macklin when she needed a break and the Child

2

was frequently in Macklin's home. The maternal grandmother testified by telephone in favor of Macklin's petition. She testified that Macklin did more for the Child than the Mother. She also testified that she believed the Mother wanted to keep the children away from Macklin because she was in a new relationship.

(6) In a letter decision and order, the Family Court granted Macklin's petition for visitation with the Child. Macklin was granted one overnight visit a month and two weekend visits in the summer. This appeal followed.

(7) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[5] In reviewing Macklin's petition for third-party visitation, the Family Court had to consider whether: (i) Macklin showed a substantial and positive prior relationship with the Child;[6] (ii) third-party visitation was in the Child's best interests;[7] (iii) Macklin demonstrated by clear and convincing evidence that the Mother's objections to visitation were unreasonable;[8] and (iv)

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[6] 12 *Del. C.* § 2410.
[7] 12 *Del. C.* § 2412(1).
[8] 12 *Del. C.* § 2412(2)(d).

3

Macklin demonstrated, by a preponderance of the evidence, that visitation would not substantially interfere with the parent/child relationship.[9]

(8) On appeal, the Mother argues that there should be no visitation because the Child is scared of Macklin and does not want to visit her, Macklin has threatened the Mother's family, and the Mother and Macklin had a bad break-up. The Mother offers no explanation for her failure to appear at the February 1, 2017 visitation hearing. Because the Mother did not raise these claims at the visitation hearing, we will not consider them for the first time on appeal.[10]

(9) After a careful review of the parties' briefs and the record, we find no error or abuse of discretion in the Family Court's ruling. The Family Court correctly applied the law in determining that Macklin satisfied the standard for third-party visitation under 13 *Del. C.* § 2412. Under the circumstances, we find no error or abuse of discretion in the Family Court's ruling. Accordingly, we affirm the Family Court's decision to grant Macklin's petition for third-party visitation.

---

[9] *Id.*

[10] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review...."); *Zappa v. Logan*, 2013 WL 4538215, at *1 (Del. Aug. 23, 2013) (declining to consider evidence offered by the appellant on appeal to refute allegations of abuse where the appellant failed to appear for Family Court hearing or file a motion to reopen the Family Court's judgment). We note that the Family Court may modify an order granting third-party visitation at any time, if modification would be in the best interests of the child. 13 *Del. C.* § 2413.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice