IN THE SUPREME COURT OF THE STATE OF DELAWARE

MAX SHIMEL,[1]                      §
                                 § No. 432, 2018
      Respondent Below,       §
      Appellant,               § Court Below—Family Court
                                 § of the State of Delaware
      v.                          §
                                 § File No. CK10-01391
DANIELLE SHIMEL,          § Petition No. 17-23373
                                 §
      Petitioner Below,        §
      Appellee.              §

Submitted: March 15, 2019
Decided: May 14, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1) The respondent below-appellant, Max Shimel ("the Husband"), filed this appeal from a Family Court order, dated June 27, 2018, granting the petitioner below-appellee's, Danielle Shimel's ("the Wife") petition for a rule to show cause and holding the Husband in contempt. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The parties were married on September 9, 1989 and divorced by final decree on January 7, 2015. On March 11, 2010, the Wife filed a petition for spousal support. After the Husband failed to appear for a mediation scheduled for May 25, 2010, a Family Court Commissioner entered a default order for spousal support requiring the Husband to pay $250.00 per week. The Husband did not seek review of the Commissioner's order.

(3) On April 9, 2012, the Wife filed a petition for a rule to show cause, alleging that the Husband had failed to pay the spousal support. A hearing was held on July 27, 2012. On August 7, 2012, the Commissioner found the Husband in contempt for failing to comply with the spousal support order. The Commissioner ordered the Husband to pay $10,833.33 for the spousal support owed between October 2011 and August 2012. The Husband did not seek review of the Commissioner's order.

(4) On August 1, 2014, the Wife filed another petition for a rule to show cause alleging that the Husband had not paid any support. After the parties' divorce became final on January 7, 2015, the Family Court retained ancillary jurisdiction over property division and permanent alimony. In the Rule 52(D) Ancillary Pretrial Stipulation completed by the Wife but not the Husband, the Wife indicated she was not seeking alimony, but did seek $35,000.00 in spousal support arrears. The Wife also sought certain items of marital property. After the Husband failed to appear for

2

the October 2, 2015 hearing, the Family Court entered a default order finding the Husband owed $35,000.00 in spousal support arrears, but erroneously ordering the Wife to pay the arrears in sixty days or a judgment in that amount would be entered against the Wife, and ordering that the Wife should receive the attached list of personal items in two weeks. The Husband did not appeal the Family Court order.

(5) On July 20, 2016, the Wife filed a motion for clarification of the order. She sought to correct the order to provide that the Husband was required to pay the Wife $35,000.00 in spousal support arrears and that a judgment would be entered against him if he failed to do so. The Husband filed a response stating that he did not oppose the correction of the language, but that all monies due to the Wife had already been released and satisfied in a $61,866.90 payment to the Wife on December 4, 2014 and a $10,000.00 payment to the Wife on October 18, 2014.[2] On August 2, 2016, the Family Court granted the Wife's motion to clarify. The order reflected that the Family Court had considered the Husband's response. The Husband did not appeal the Family Court order.

(6) On August 2, 2017, the Wife filed a petition for a rule to show cause alleging that the Husband had failed to comply with the August 2016 order. A

---

[2] In making this argument, the Husband ignored a Family Court order, dated December 9, 2014, granting the Wife's motion for reargument of the Family Court's ruling that the $61,866.90 payment mooted the Wife's petition for a rule to show cause on the spousal support arrears and ordering that the rule to show cause petition would proceed.

3

hearing on the petition was scheduled for July 27, 2018. At the hearing, the Family Court heard arguments from the Husband and the Wife. In a bench ruling and written order, the Family Court granted the Wife's petition, found the Husband in contempt, and ordered issuance of a wage attachment. This appeal followed.

(7) This Court's review of a Family Court decision includes a review of both the law and the facts.[3] Conclusions of law are reviewed *de novo*.[4] Factual findings will not be disturbed on appeal unless they are clearly erroneous and justice required they be overturned on appeal.[5] When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact.[6]

(8) The Husband's arguments on appeal may be summarized as follows: (i) he was not permitted to submit evidence and the Wife submitted no evidence except hearsay at the July 27, 2018 hearing; (ii) the Wife misstated her income and his income in 2010 and lived with another man at the time of the spousal support; (iii) the Wife listed her work address in Family Court paperwork instead of her

---

[3] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] *Wife (J.F.V.) v. Husband (O.W.V, Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

residential address as required; and (iv) the Husband's mental and physical health was not taken into account during the time he did not appear for hearings.

(9)     Having carefully considered the parties' positions on appeal and the Family Court record, we conclude that the Family Court did not err in granting the Wife's petition for a rule to show cause. The evidence offered by the Husband at the July 27, 2018 hearing related to whether the Wife was entitled to spousal support and whether payments he made to her in 2014 encompassed the spousal support arrears. As the Family Court recognized, the doctrine of res judicata barred the Husband from relitigating those issues at the July 27, 2018 contempt hearing.

(10)   The Husband could have opposed the Wife's petition for spousal support in 2010 or sought review of the Commissioner's 2010 order, but he did not do so. Nor did he seek review of the August 2012 contempt order. The Husband failed to appear for the October 2, 2015 hearing and failed to appeal the October 2, 2015 order. He raised the payment issue in response to the July 20, 2016 motion to clarify, but did not appeal the August 2, 2016 order awarding the Wife $35,000.00 in spousal support. He could not wait until the 2018 contempt proceedings to argue that the Wife should not have received spousal support or that payments he made in 2014 encompassed the spousal support arrears.[7] As to the Wife's use of her work

_____

[7] *See, e.g., O'Grady v. O'Grady*, 1990 WL 72537, at *1 (Del. May 10, 1990) (holding that the doctrine of res judicata barred the husband from relitigating two previous rule to show cause matters where he failed to appear).

address in Family Court paperwork and the Husband's physical and mental health at the time of the hearings for which he failed to appear, the Husband did not raise these claims in the proceedings below. We will not consider them for the first time on appeal.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] Del. Supr. Ct. R. 8.