IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENNIFER WILSON NASH,[1] | § | |
| | § | No. 402, 2018 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware, |
| | § | |
| EDISON WILSON, | § | File No. CN16-05622 |
| | § | Pet. No. 17-37296 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 17, 2019
Decided: July 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Jennifer Wilson Nash appeals the Family Court's June 12, 2018 order denying her petition to modify a prior custody order ("the Petition"). We conclude the appeal is without merit and affirm the Family Court's judgment.

(2)     The record reflects that Nash and the appellee Edison Wilson are the parents of two teenage children, A.D. (born in 2003) and D.N. (born in 2005). Since Nash relocated to Florida, the children have resided with Wilson under an August

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

12, 2015 Pennsylvania court order.[2] The children have had regular visitation with Nash as specified in the August 12, 2015 order.

(3) On December 27, 2017, Nash filed the Petition in the Family Court seeking permanent placement of the children with her in Florida. Nash also asked the Family Court to appoint a guardian ad litem for the children to represent them in the proceedings. The Family Court denied the request for the appointment of a guardian ad litem on January 30, 2018. On May 7, 2018, the Family Court held a hearing on the Petition and heard testimony from Nash and Wilson. Nash testified that she was concerned about the emotional well-being of the children, in particular D.N., because D.N. had reported to her that he does not feel Wilson cares about him. Nash also complained that Wilson was slow to disclose to her information about the children's academic and social activities. Wilson testified that the children were happy and that they excelled at school and were involved in extracurricular activities. He stated that he was planning to sell his current residence and relocate with the children elsewhere in New Castle County, Delaware.

(4) On June 5, 2018, the Family Court interviewed the children. The children expressed to the court that they had no desire to move to Florida and that they were pleased with the present custody arrangement. They also stated that they looked forward to trips to Florida to visit with Nash and did not want the visitation

---

[2] This order has since been transferred to and registered in Delaware.

schedule to change. In response to pointed questioning by the court, D.N. downplayed the complaints he had made to his mother about Wilson. On June 12, 2018, the Family Court issued an opinion denying the Petition and ordering that the current custody order remain in place, with the additional requirement that the parties provide each other with all relevant academic, social, and medical information about the children. Nash timely filed a motion for reargument, which the Family Court denied. This appeal followed.[3]

(5) The Petition was filed more than two years after the court's most recent custody order was entered and is governed by the terms of 13 *Del. C.* § 729(c)(2). Under 13 *Del. C.* § 729(c)(2), the Family Court may modify a prior custody order after considering: (i) whether any harm is likely to be caused to the children by a modification and, if so, whether that harm is likely to be outweighed by the advantages; (ii) each parent's compliance with previous custody and visitation orders; and (iii) the best interests of the child factors codified at 13 *Del. C.* § 722. Applying this framework, the court concluded that the harm the children would suffer from relocating to Florida was outweighed by any advantage; Wilson's lack of strict compliance with the August 12, 2015 court order was not egregious enough

---

[3] Wilson argues Nash failed to perfect her appeal from the court's June 12, 2018 decision and contends Nash may only appeal the court's denial of her motion for reargument. But Nash's timely-filed motion for reargument tolled the finality of the Family Court's decision. *Woods v. Woods*, 2016 WL 4427198, at *1 (Del. Aug. 19, 2016).

to warrant modification; and, giving due deference to the teenage children's opinion that the current custody arrangement is "perfect," it was in the children's best interests to deny the Petition.

(6) On appeal, Nash argues: (i) the Family Court abused its discretion in declining to appoint a guardian ad litem for the children; (ii) the Family Court relied on perjured or otherwise inaccurate testimony in denying the Petition; (iii) the Family Court failed to consider the factors in the Proposed Model Relocation Act ("the PMRA");[4] and (iv) the Family Court's decision is not supported by the record. We find no merit to Nash's contentions and affirm the Family Court's judgment.

(7) The Family Court may, in the interest of the child, appoint an attorney to represent a child in custody proceedings.[5] This Court reviews the Family Court's decision to appoint guardian ad litem for an abuse of discretion.[6] Nash contends the Family Court should have appointed a guardian ad litem or otherwise sought a professional opinion as to whether the children were suffering from emotional abuse. But the record reflects that Nash was able to convey to the Family Court her previous argument, which is that she believed the children were experiencing emotional abuse in Wilson's care.[7] Nash never suggested (or presented evidence) to the Division of

---

[4] The American Academy of Matrimonial Lawyers has drafted this proposed legislation to help courts address relocation disputes in child custody proceedings.

[5] 13 *Del. C.* § 721(c).

[6] *Lindh v. Randolph*, 1987 WL 36087, at *3 (Del. May 4, 1987).

[7] *See id.* (noting the appointment of a guardian ad litem is appropriate if the interests of the child conflict with those of the parents).

Family Services that Wilson was engaged in abuse in the legal sense of the term; she argued to the Family Court that D.N. sent her text messages indicating that his father was too demanding and made D.N. feel demeaned, and that he expressed frustration about it. The Family Court carefully considered this communication, as with all of Nash's arguments. None of these issues were ones that the Family Court was not capable of addressing without the aid of a guardian ad litem, and it was within its discretion for the court to proceed, as it did, by hearing out all sides, and in particular, hearing directly from the teenage children. Under the circumstances, we conclude the Family Court did not abuse its discretion in declining to appoint a guardian ad litem for the children.

(8) This Court's review of a custody order of the Family Court includes both a review of the law and the facts.[8] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[9] The Family Court's factual findings will not be disturbed on appeal if they are supported by the record and are the product of an orderly and logical deductive process.[10] When the determination of the facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[11]

---

[8] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[9] *Jones v. Lang*, 591 A.2d 185, 186-87 (Del. 1991).
[10] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).
[11] *Wife (J.F.V.)*, 402 A.2d at 1204.

(9)     Under Delaware law, the Family Court is required to determine legal custody and residential placement for a child in accordance with the best interests of the child. The June 12, 2018 order reflects that the Family Court carefully reviewed all of the factors set forth in 13 *Del. C.* § 722. The order also reflects the court was aware of and attentive to Nash's concerns about the emotional well-being of the children and Wilson's failure to inform her promptly of the children's activities. There is no evidence that the court relied upon perjured or inaccurate testimony in denying the Petition. The PMRA has not been adopted in Delaware, and the court was not required to consider the Petition under its framework.[12] As was appropriate given the age and maturity of the children, the Family Court gave significant weight to their wishes.[13] In denying Nash's motion for reargument, the court noted that the new evidence submitted by Nash—namely, that Wilson and his current wife had separated—would not have changed the court's decision to deny the Petition because

---

[12] Nash appears to argue that if the court had applied the PMRA criteria in considering the Petition, the allegedly superior educational opportunities available in Florida would have weighed heavily in favor of the children's relocation. But, given the age and maturity of the children, the court would still have rightly deferred to the children's desire to continue to reside with Wilson when considering the factors enumerated in the PMRA. PRMA § 405(2) (taking into account the age, developmental state, needs of the child, and the likely impact the relocation will have on the child); § 405(4) (taking into account the child's preference, given the age and maturity of the child); § 405(8) (taking into account any other factor affecting the best interests of the child). *See also* PMRA § 102 cmt. ("The goal of the proposed act is to achieve a maximum impact on cases involving relocation issues and, at the same time, *create minimum disruption with existing custodial relations*.") (emphasis added).

[13] *William H.Y. v. Myrna L.Y.*, 450 A.2d 406, 409 (Del. 1982) ("[I]t is only when the child is very young, immature, or unable to articulate a sound basis for his wishes as to custody that the preference is not entitled to great weight.").

the decision rested primarily on the children's strong desire to keep the current custody arrangement in place. It is apparent from the Family Court's thoughtful opinion and order that the court carefully reviewed the evidence that was before it, made factual findings that are supported by the record, and applied the correct legal standard in making the decision to deny the Petition. As a result, we defer to its decision.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

7