IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE PACK,[1] | § | |
| | § | No. 100, 2021 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN06-02393 |
| KATE MCBRIDE, | § | Petition No. 20-13352 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2021
Decided: January 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the opening brief and the record below, it appears to the Court that:

(1)    The respondent below-appellant, Lee Pack ("the Father"), filed this appeal from the Family Court's decision granting the petition to modify custody filed by the petitioner-below appellee, Kate McBride ("the Mother"). We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The parties are the parents of two children ("the Children"). Under a 2009 default custody order, the Father had sole custody and primary residential placement of the Children with the Mother having visitation every other weekend. On July 2, 2020, the Mother filed a petition to modify custody. She alleged that the Children had been living with their grandmother for the last six months because the Father did not have housing and could not provide the Children with food or clothing.

(3) On July 20, 2020, the Father filed his answer to the petition. He admitted that the Children had been living with their grandmother, but stated that they spent some nights with him and that he provided them with sufficient food.

(4) On September 1, 2020, the Family Court held a case management conference with the parties. The Family Court initially scheduled the hearing for January 4, 2021, but then rescheduled it for December 31, 2020. On January 12, 2021, the Family Court informed the parties that the hearing would be rescheduled for March 11, 2021. The notices for the December 31, 2020 and March 11, 2021 hearings were emailed to the parties, contained Zoom links for the hearing, and stated that failure to participate in the hearing could result in a default judgment or dismissal of the petition.

(5) On March 11, 2021, the Mother appeared for the hearing. The Father did not appear for the hearing. The Mother provided testimony in support of her

petition. At the conclusion of her testimony, the Family Court granted the Mother sole legal custody and primary residential placement of the Children with the Father having visitation every other weekend. The Family Court also entered a written order analyzing the best-interest factors under 13 *Del. C.* § 722 and entering judgment in favor of the Mother. This appeal followed.

(6) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] We review conclusions of law *de novo*.[3] The Family Court's factual findings will not be disturbed on appeal if they are supported by the record and are the product of an orderly and logical deductive process.[4] When considering a motion to modify custody, the Family Court must consider the best-interest factors of Section 722.[5]

(7) On appeal, the Father states that he had COVID-19 during the first hearing and was not aware of it. He describes the parties' history and argues that the Children should be returned to him. He also contends that the Children have missed a lot of school since the Family Court granted the Mother's petition.

(8) After careful consideration of the opening brief and the record on appeal, we conclude that the Family Court did not err in granting the Mother's

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[5] *Tatum v. Yost*, 2007 WL 2323791, at *2 (Del. Aug. 15, 2007) (citing 13 *Del. C.* § 729(c)(2)(c)).

petition to modify custody. The issues that the Father raises on appeal were not presented to the Family Court in the first instance and are not properly a part of the record this Court can consider on appeal.[6] To the extent the Father has an explanation for his failure to appear for the March 11, 2021 hearing, he must first present that claim to the Family Court through a motion to reopen the judgment under Family Court Civil Rule 60(b).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[6] *See, e.g., Anderson v. Anderson*, 2014 WL 4179116, at *1-2 (Del. Aug. 21, 2014) (holding that the Court could not consider the father's explanations for why he did not appear at a custody hearing because he did not present those explanations to the Family Court); *Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) (holding that the Court could not consider housing the appellant obtained after the decision on appeal because the evidence was not available to the Family Court in the first instance and was outside of the record on appeal); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del.1997) (holding that materials not offered into evidence and considered by the trial court are not part of the record on appeal).