IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CALEB RAVIN,[1] | § |
| | § No. 274, 2021 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN19-03084 |
| JUNE UNDERHILL, | § Petition No. 20-21591 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: February 18, 2022
Decided: April 18, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the opening and brief and the record on appeal, we conclude that the judgment of the Family Court should be affirmed on the basis of its decision, dated August 19, 2021, granting the appellee sole custody and primary residence of the parties' child. There is no merit to the appellant's contention that the appellee's alleged failure to comply with the August 19, 2021 decision deprived the Family Court of subject matter jurisdiction. As to the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d). The Court also granted the appellant's application to proceed *in forma pauperis*. Based upon the information provided in the application, it appears that the appellant is able to pay this Court's filing fee. Del. Supr. Ct. R. 20(h). We conclude that the application should not have been granted, and the appellant's application in any future appeal might be denied, absent changed circumstances.

appellant's challenges to the Family Court's findings, factual findings will not be disturbed on appeal unless they are clearly erroneous.[2]  When the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[3]  The record reflects that the Family Court carefully weighed the best-interest factors under 13 *Del. C.* § 722 based on the relevant evidence presented at the hearing and that there was no error of law.  Nor does the record support the appellant's contention that the decision was the result of bias on the part of the Family Court judge.  As to the appellant's recent submission concerning the risks posed by the appellee's behavior in the last month, he must present those claims to the Family Court in the first instance.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[3] *Wife (J.F.V.) v. Husband (O.W.V, Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[4] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court.").  The Family Court may modify a custody order entered after a full hearing within two years if it finds that continuing enforcement of the previous order may endanger the child's physical health or significantly impair her emotional development.  13 *Del. C.* § 729(c)(1).