IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MASON PAVE,[1] | § | |
| | § | No. 410, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CN18-02129 |
| MARIAH PAVE, | § | Petition Nos. 18-34712, 21-07846, |
| | § | 21-06568 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 18, 2022
Decided: January 12, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the opening brief, answering brief, and the record below, we conclude that the judgment of the Family Court should be affirmed on the basis of and for the reasons stated in its decision on ancillary matters dated June 16, 2021 and its orders on cross-motions for reargument and attorneys' fees dated December 2, 2021.[2] The petitioner below-appellant, Mason Pave ("the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] With his December 28, 2021 notice of appeal, the appellant included a December 13, 2021 order scheduling a hearing in February 2022 for his Rule to Show Cause Petition Nos. 21-07846 and 21-06568. After the hearing, the Family Court dismissed Petition Nos. 21-07846 and 21-06568 on March 22, 2022. The appellant makes no arguments concerning the Family Court's resolution of those petitions in his opening brief and has therefore waived any arguments as to those petitions. Del. Supr. Ct. R. 14(b)(vi)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

Husband"), challenges the Family Court's allocation of tax debts between the parties and acceptance of the testimony of respondent below-appellee, Mariah Pave ("the Wife"). He does not cite any legal authority to support his conclusory argument that the Family Court's allocation of tax debts between the parties violated the Internal Revenue Code or Internal Revenue Service policies. He also failed to provide this Court with the transcript of the September 11, 2020 hearing on ancillary matters. Without an adequate record, the Court lacks a sufficient basis to review the Husband's challenges to the Family Court's acceptance of the Wife's testimony.[3] In any event, we are deferential to the Family Court's assessment of a witness's credibility and will not substitute our judgment for that of the trier of fact.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is affirmed.

BY THE COURT:

*/s/Gary F. Traynor*
Justice

---

[3] *See, e.g., Franklin v. Franklin*, 2015 WL 3885834, at *2 (Del. June 22, 2015) (holding that the appellant's failure to provide a copy of a visitation hearing transcript meant that the Court did not have a sufficient basis to review the appellant's challenges to the appellee's credibility and the Family Court's acceptance of the appellee's testimony on certain issues).
[4] *Wife (J. F. V.), v. Husband (O. W. V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).