IN THE SUPREME COURT OF THE STATE OF DELAWARE

ERICA HARRIS,[1]      §
     § No. 201, 2022
     Respondent Below,      §
     Appellant,      §
     § Court Below–Family Court
     v.      § of the State of Delaware
     §
LAURA CLARKE,      §
     § File No. CN21-05752
     Petitioner Below,      § Petition No. 21-27836
     Appellee.      §

Submitted:   December 23, 2022
Decided:     January 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The respondent below-appellant, Erica Harris (the "Mother"), filed this appeal from a May 23, 2022 Family Court order granting the petition for third-party visitation filed by the petitioner below-appellee, Laura Clarke (the "Grandmother"). Having reviewed the parties' respective positions, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) In November 2021, the Grandmother filed a petition for third-party visitation with the Mother's then-nine-year-old son (the "Child"). The Mother opposed the petition. On May 18, 2022, the Family Court held a hearing on the petition. Both the Mother and the Grandmother appeared and testified at the hearing. In its May 23, 2022 order granting the Grandmother's petition, the Family Court found that the Grandmother had demonstrated, by clear and convincing evidence, that the Mother's objections to the petition were unreasonable; that visitation was in the Child's best interest; and that the Grandmother had demonstrated, by a preponderance of the evidence, that visitation would not interfere with the Child's relationship with the Mother. The Family Court ordered that the Grandmother have one three-hour dinner visit with the Child every other week. The Mother appeals.[2]

(3) This Court's review a Family Court decision includes a review of both the law and the facts.[3] We review conclusions of law *de novo*.[4] Findings of fact will not be disturbed on appeal unless they are determined to be clearly erroneous.[5] We will not substitute our opinion for the inferences and deductions of the trial judge if they are supported by the record.[6] Finally, "[w]hen the determination of facts turns

---

[2] The Child's father, who was notified of the Family Court proceedings by publication, did not participate in the proceedings below and has not filed an appeal.

[3] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[4] *Id.*

[5] *Id.*

[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before [the Family Court], those findings of the [court] will be approved upon review, and we will not substitute our opinion for that of the trier of fact."[7]

(4)  When reviewing the Grandmother's petition for visitation, the Family Court was statutorily required to consider whether: (i) visitation with the Grandmother was in the Child's best interest;[8] (ii) the Grandmother had demonstrated, by clear and convincing evidence, that the Mother's objections to visitation were unreasonable;[9] and (iii) the Grandmother had demonstrated, by a preponderance of the evidence, that visitation would not substantially interfere with the parent/child relationship.[10]

(5)  On appeal, the Mother argues that the Grandmother abused her mentally, physically, and emotionally as a child and has attempted to "turn" the Child against her.  Our review of the Mother's claims is limited because the Mother did not provide the Court with a copy of the transcript of the Family Court

---

[7] *Id.*
[8] 13 *Del. C.* § 2412(a)(1).
[9] 13 *Del. C.* § 2412(a)(2)(d).
[10] *Id.*

3

proceedings.[11]   In any event, it is clear from the Family Court's order that it considered the Mother's allegations of abuse and manipulation and concluded that they "appear to be based upon ordinary and minor issues."[12]  We will not set aside the trial court's credibility determination.

(6)    Having carefully considered the parties' submissions and the record on appeal, we conclude that the Family Court's order should be affirmed.  The Family Court correctly applied the law to the facts and did not abuse its discretion in granting the Grandmother's petition for visitation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] Supreme Court Rule 14 provides that the appellant is required to provide the Court with "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred [as well as] a transcript of all evidence relevant to the challenged finding or conclusion." Del. Supr. Ct. R. 14(e).
[12] The Family Court's May 23, 2022 order, at 3.