IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HUGO HUNT,[1] | § |
| | § No. 422, 2023 |
| Petitioner Below, | § |
| Appellant, | § Court Below–Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN21-03953 |
| PAIGE HUNT, | § Petition No. 21-17603 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: August 23, 2024
Decided: October 16, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**<u>ORDER</u>**

After consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)     The appellant, Hugo Hunt ("Ex-Husband"), filed this appeal from the Family Court's September 11, 2023 order resolving ancillary matters related to his divorce from Paige Hunt ("Ex-Wife") (the "Ancillary Matters Order"). We find no error or abuse of discretion in the Family Court's decision and therefore affirm.

(2)     The parties were married on February 23, 1999. On July 20, 2021, Ex-Husband filed a petition for divorce, claiming that the parties had separated on November 1, 2019. Ex-Wife answered the petition on August 13, 2021, claiming that the parties had

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

separated on June 30, 2021, and asking the Family Court to retain jurisdiction over ancillary matters—specifically, property division, alimony, court costs, and attorneys' fees. Thereafter, Ex-Husband moved for leave to amend the petition for divorce to include a post-nuptial agreement purportedly reached by the parties in March 2021. Ex-Wife moved to dismiss the motion for leave to amend, arguing that the motion had not been properly served and that Ex-Wife had signed the post-nuptial agreement under duress. Noting Ex-Wife's claim of coercion, a Family Court commissioner denied Ex-Husband's motion for leave to amend but observed that the enforceability of the post-nuptial agreement could be addressed during the ancillary proceedings.

(3)     After several case management conferences and a pretrial conference—at which the parties signed off on an ancillary pretrial stipulation detailing the remaining issues in dispute—the Family Court held a two-day hearing on the merits. During the hearing, the Family Court heard testimony from Ex-Wife, Ex-Husband, a property appraiser who assessed the value of three land parcels partially owned by Ex-Husband, and a property appraiser who assessed the value of the parties' marital residence. After noting that "[n]either party has asked [the court] to consider [the post-nuptial agreement] as controlling," Ex-Husband moved for its admission "for the attorney's fees issue only."[2] The Family Court allowed its admission "for that limited purpose."[3]

---

[2] App. to Answering Br. at B-28.

[3] *Id*. at B-29.

(4)     On September 11, 2023, the Family Court issued the Ancillary Matters Order.  Applying the factors set forth in 13 *Del. C.* § 1513(a), the court held that the marital assets were to be divided 60/40 in favor of Ex-Wife.  The court also held that Ex-Wife was entitled to monthly alimony and ordered Ex-Husband to reimburse Ex-Wife for $15,083.00 in attorneys' fees.  Ex-Husband appeals.

(5)     Our review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[4]  Our duty is to review the sufficiency of the evidence and to test the propriety of the findings.[5]  Findings of fact will not be disturbed on appeal unless they are clearly erroneous.[6]  We will not substitute our opinion for the inferences and deductions of the trial judge if they are supported by the record.[7]  If the Family Court correctly applied the law to the facts, we review its decision for abuse of discretion.[8]

(6)     On appeal, Ex-Husband argues that the Family Court erred when it declined to enforce the post-nuptial agreement and by finding that the parties separated on September 1, 2020.  Ex-Husband's arguments are without merit.  First, it is clear from the ancillary pretrial stipulation—to which the parties were bound "absent a showing of good

---

[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Clark v. Clark*, 47 A.3d 513, 517 (Del. 2012).

3

cause"[9] and which contains no reference to the post-nuptial agreement—that Ex-Husband had abandoned any effort to enforce the post-nuptial agreement as of the February 28, 2023 pretrial conference. Moreover, the parties, both of whom were represented by counsel during the proceedings, informed the court that they "agree[d]" that the post-nuptial agreement was "not binding."[10] Second, although the parties initially disputed the date of their financial separation, the parties—again, with the assistance of counsel—agreed at the outset of the ancillary hearing to use September 1, 2020, as the date of their financial separation.[11] Ex-Husband cannot press claims of error on appeal that he affirmatively waived below.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] App. to Answering Br. at B-18.

[10] *Id*. at B-29.

[11] *Id.* at B-27.

[12] *See Pierce v. State*, 270 A.3d 219, 230 (Del. 2022) (concluding that the defendant had waived his claim of error regarding the admission of palmprint evidence on appeal when trial counsel had agreed to the admission of that evidence at trial).